◼ In the Matter of ANTHONY ORSINI, JR., Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [632 NYS2d 887] —Cardona, P. J.Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

It is uncontroverted that petitioner sustained injuries when, on December 12, 1989, the snowplow he was operating struck a hidden solid object. Petitioner was out of work until February 12, 1990. Thereafter, while not assigned to light duty, petitioner believed that his assignments tended to be easier. Petitioner continued working until May 1990 when he injured his neck while operating an electric valve opener. After this injury, petitioner did not return to work. Petitioner's application for accidental disability retirement benefits was initially denied. Petitioner then requested a hearing, after which respondent found that, although petitioner was disabled, his neck problems were caused by cervical arthritis and degeneration within his cervical spine which were unrelated to the December 12, 1989 accident.

Petitioner then commenced this CPLR article 78 proceeding contending that respondent's determination applied an incorrect standard of causation and was not supported by substantial evidence. We disagree and confirm the determination.

Petitioner's chiropractor testified that the December 1989 accident caused the disability. However, the physicians testifying for the State and Local Employees' Retirement System dis-

agreed. The first physician, a neurologist, found preexisting and continuing degenerative cervical arthritis, including spurring, severe disc narrowing and a central hard herniated disc of long duration, all unrelated to the December 1989 accident. The second physician, an orthopedic surgeon, opined that petitioner had longstanding degenerative changes in his neck and thoracic spine which occurred as a natural result of aging and were the cause of petitioner's symptoms and were unrelated to the December 1989 accident.

It has been determined that when a preexisting latent condition is aggravated by an accident, causing a disability that did not previously exist, the accident is responsible for the ensuing disability (*see, Matter of Sanchez v New York State & Local Police & Fire Retirement Sys.*, 208 AD2d 1027; *Matter of Thomas v Regan*, 125 AD2d 125). Here, however, there was evidence that petitioner's degenerative neck condition was due to the natural progression of the preexisting condition and not the December 1989 accident (*see, Matter of Leo v Regan*, 115 AD2d 104). The record thus supports the finding that the effects of the December 1989 accident were not the cause of petitioner's disability. It was clearly within the province of respondent to resolve conflicts in medical opinion and to credit the Retirement System's expert opinions in resolving the conflict (*see, Matter of Rossiello v Regan*, 203 AD2d 868; *Matter of Longendyke v Regan*, 195 AD2d 695). Inasmuch as respondent's determination is supported by substantial evidence, it must be upheld (*see, Matter of Heavey v Regan*, 161 AD2d 917).

Mercure, Crew III, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.