■ In the Matter of HARRY J. TORELLA, Petitioner, v NEW YORK STATE & LOCAL RETIREMENT SYSTEM et al., Respondents. [653 NYS2d 201] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which, *inter alia*, denied petitioner's application for accidental disability retirement benefits.

Until his retirement in 1993, petitioner was employed as a police officer by the Port Authority of New York and New Jersey. After retiring, petitioner filed an application for accidental disability retirement benefits based on his having suffered injuries as the result of two accidents occurring in 1983 and 1991. The Comptroller denied the application on the ground that petitioner was not permanently incapacitated as a result of either or both of the alleged accidents. Petitioner commenced this proceeding seeking to annul the determination.

We confirm. The medical evidence as to the cause of petitioner's disability was conflicting and the Comptroller was free to credit one physician's opinion over that of another (*see, Matter of Longendyke v Regan*, 195 AD2d 695). Although the medical reports and examinations revealed that petitioner had

orthopedic complaints and psychiatric reports, they differed as to whether there was a causal relationship between his condition and either of the accidents. One physician found that based on the lack of objective evidence, he could not state that the 1983 accident was the competent producing cause of petitioner's condition. A psychiatrist who examined petitioner was unable to state whether petitioner's disability was job related. While two chiropractors opined that petitioner was disabled due to the 1983 accident, none of the medical evidence connected his condition to the 1991 incident. Other than the opinions concerning the 1983 accident, the evidence, at best, indicated that petitioner's problems were job related in general but did not specifically attribute them to either accident.

Given these facts and the record before us, we conclude that there was substantial evidence to support the Comptroller's conclusion that petitioner failed to sustain his burden of proving that his condition was caused by either or both of the alleged accidents (see, Matter of Keller v Regan, 212 AD2d 856). Accordingly, the determination must be upheld. Petitioner's remaining arguments have been considered and found to be unpersuasive.

Mikoll, J. P., Casey, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.