◼ In the Matter of ELAINE B. KAVAKOS, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and as Representative of the New York State and Local Employees' Retirement System, Respondent. [674 NYS2d 482] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

In September 1976, petitioner commenced employment as a court reporter in Supreme Court. On July 15, 1991 she applied for disability retirement benefits claiming nerve damage to her left arm purportedly sustained in the course of her employment. Petitioner continued to work until October 8, 1992 when she tripped on a platform in a courtroom and was injured. Petitioner's original application was disapproved on November 18, 1992 on the basis that she was not permanently incapacitated from performing her employment duties. Petitioner timely requested a hearing to review that determination. A second application for disability retirement benefits based on injuries allegedly sustained in the October 1992 incident was also denied.[1] After a hearing, respondent denied petitioner's application and petitioner initiated this CPLR article 78 proceeding.

---

1. The second application, filed on August 2, 1994, was denied based on the pendency of the original application and on the contention that it was untimely. However, respondent agreed that the injuries allegedly sustained on October 8, 1992 would be considered at the hearing to be conducted on the first application.

At issue in this proceeding is whether respondent's disallowance of disability retirement benefits was supported by substantial evidence in the record. Petitioner claimed that she could not perform her duties as a court reporter due to injuries sustained to her neck, back and left arm. Enrico Mango, an orthopedic surgeon, testified at the hearing that petitioner suffered from cervical and lumbar radiculopathy, left ulnar neuropathy and carpel tunnel syndrome. A neurologist, Shafi Wani, testified to a diagnosis of left ulnar nerve disfunction and mild cervical muscle strain. Both Mango and Wani opined that petitioner was permanently disabled from performing her employment duties. Job Vibal, a neurologist who examined petitioner at respondent's request, found petitioner to be disabled due to chronic left arm pain and possible left ulnar nerve neuropathy.[2] Respondent offered the testimony of William Bloom, a neurologist who examined petitioner on October 22, 1992. He diagnosed a cervical sprain but found no evidence of ulnar neuropathy and opined that petitioner was able to perform her work duties. Although Bloom acknowledged that an MRI revealed minimal subligamentus disc herniations, he testified that the results were normal degenerative changes for a woman her age.

Respondent has "exclusive authority to evaluate the medical evidence and the credibility of witnesses, and to make a rational decision to reject the opinion of one medical expert over another" (*Matter of City of Schenectady v McCall*, 245 AD2d 708, 710). Although evidence was presented by petitioner to support a contrary result, respondent's determination was supported by substantial evidence in the record (*see, Matter of Rakowski v McCall*, 246 AD2d 734; *Matter of Pezzulo v Regan*, 152 AD2d 795). Bloom's testimony constitutes credible evidence that petitioner was not disabled based on his physical examination and review of petitioner's medical records and test results (*see, e.g., Matter of Meyer v Board of Trustees*, 90 NY2d 139). The assertion that Bloom erroneously stated that petitioner had an operation on her left elbow is misleading. Contrary to petitioner's contention, neither Bloom's diagnosis nor his testimony relied upon the notation contained in his report that petitioner had an operation on her left elbow. Moreover, the fact that Bloom was critical of Wani's diagnosis does not render Bloom's testimony incredible.

Petitioner's claim that she was prejudiced by the lack of a fair hearing was not preserved for review since the issue was

---

**2.** Although Vibal did not testify at the hearing, his reports were entered into evidence.

not raised in the petition before Supreme Court (*see, Matter of Sunrest Health Facilities v Wing*, 239 AD2d 733). In any event, petitioner's allegation is not supported by the record and is therefore rejected.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

