■ In the Matter of VINCENT F. TOWER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [684 NYS2d 335] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Until his retirement, petitioner was employed as a firefighter by the City of Buffalo in Erie County. In March 1995, petitioner filed an application for accidental disability retirement benefits alleging that he is disabled as a result of injuries sustained in numerous accidents occurring in the course of his duties. Petitioner's application was ultimately disapproved by respondent Comptroller following a hearing. The Comptroller found that although petitioner was disabled, his disability was caused by "long term, generalized degeneration of the spinal areas brought on by natural processes" which was unrelated to the accidents or incidents detailed in petitioner's application. Petitioner then commenced this CPLR article 78 proceeding challenging the determination, which was subsequently transferred to this Court.

We confirm. Given the facts in the record before us, we conclude that there is substantial evidence to support the Comptroller's conclusion that petitioner failed to sustain his burden of proving that his condition was caused by any of the alleged accidents (*see, Matter of Torella v New York State & Local Retirement Sys.*, 236 AD2d 684, 685, *lv denied* 89 NY2d

816). Notably, there was evidence that petitioner's degenerative spine condition was due to the natural progression of aging, possibly accelerated as a result of a fracture to his right leg that he sustained as a child which later necessitated open reduction surgery. The record thus supports the finding that the effects of the alleged accidents were not the cause of petitioner's disability. Although petitioner challenges the credibility of the medical evidence presented against him, it was clearly within the province of the Comptroller to resolve conflicts in medical opinion and to credit the opinion of the expert for respondent State and Local Employees' Retirement System (see, Matter of Orsini v McCall, 221 AD2d 690, 691). Next, petitioner's claim that he was denied his procedural due process rights has not been preserved for review since the issue was not raised in the petition before Supreme Court (see, Matter of Kavakos v McCall, 251 AD2d 857, 858-859, lv denied 92 NY2d 812). In any event, we have examined this and petitioner's other remaining arguments alleging bias and impropriety on the part of the Hearing Officer and find them to be unsupported by the record.

Cardona, P. J., Mikoll, Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.