■ In the Matter of MARYANN KNIGHT, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [699 NYS2d 170] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

In May 1990, petitioner applied for disability retirement benefits pursuant to Retirement and Social Security Law § 507-a, alleging that as a result of an on-duty accident on October 7, 1988 she was permanently incapacitated from performing her duties as a Correction Officer. The application was denied and petitioner's timely request for a hearing and redetermination were granted. Hearings were held on November 22, 1991 and June 23, 1992, at which petitioner offered her own testimony and that of Kenneth Munroe, her treating chiropractor. Mary Elizabeth Roehmholdt, a neurologist, testified on behalf of respondent. Conflicting evidence was presented as to the nature and extent of petitioner's injury. In his written decision, the Hearing Examiner stated that he found the testimony of Roehmholdt more credible and persuasive than that of Munroe. The Comptroller ultimately denied petitioner's request upon a find-

ing that she was not permanently incapacitated from the performance of her duties. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to challenge the Comptroller's determination.

To establish entitlement to accidental disability retirement benefits, petitioner was required to demonstrate that she was physically or mentally incapacitated from the performance of her duties (see, Retirement and Social Security Law § 63 [a] [1]; Mallory v New York State & Local Employees' Retirement Sys., 261 AD2d 775). Petitioner's essential argument is that substantial evidence does not support the determination that she was not so incapacitated.

Petitioner testified that upon slipping in a puddle of water and grabbing a counter to avoid falling, she wrenched her neck and sustained permanent injuries which disabled her from performing her duties as a correction officer. Her chiropractor, Munroe, testified that in his opinion petitioner sustained a herniated disc as a result of the incident and was consequently permanently disabled. Munroe's opinion was based upon his examination of petitioner as well as his review of X rays taken the day of her accident, an MRI report and Myelogram/CT-scan studies. Roehmholdt, on the other hand, testified that her neurological examination of petitioner was normal and revealed no evidence of a disability associated with a herniated disc. The MRI report relied upon by both Munroe and Roehmholdt clearly stated that "no definite disc herniation [was] identified". The diagnostic reports of the CT-scan and MRI both indicated a spur formation which Roehmholdt attributed to a degenerative change. Moreover, because the spurring appeared on the X rays taken the day of petitioner's accident, Roehmholdt testified that it constituted a preexisting condition since spurring would not immediately result from a trauma sustained the same day.

It was within the province of the Hearing Officer to weigh the conflicting medical testimony and to accept one opinion as more credible and persuasive than the other (see, Matter of Tower v McCall, 257 AD2d 973). The existence of some evidence to support a contrary finding does not constitute a basis upon which to disturb the Comptroller's determination (see, Matter of Kavakos v McCall, 251 AD2d 857, 858, lv denied 92 NY2d 812).

Petitioner's remaining contentions were not raised in her petition before Supreme Court and hence are unpreserved for our review (see, Matter of Tower v McCall, supra; Matter of Kavakos v McCall, supra); we touch upon them briefly to demonstrate that they lack merit.

Respondent's medical expert was properly permitted to testify despite the fact that petitioner was not given the expert's medical reports prior to the hearing. The requirement of 2 NYCRR 317.8 that an applicant be furnished with reports of examining physicians in advance of a hearing date is conditioned upon the applicant's having provided reciprocal disclosure. Respondent asserted that it had not received a June 1991 report from petitioner's expert prior to the hearing, and petitioner was not able to demonstrate to the contrary. Hence, there was no error in permitting Roehmholdt to testify (see, Matter of Delson v Regan, 190 AD2d 984, 985).

The Hearing Officer did not deny petitioner the right to a full and fair hearing by denying her motion to reopen the proceeding in order to present rebuttal medical testimony, since an applicant is required to present all evidence, including medical witnesses, at the initial hearing (see, 2 NYCRR 317.4; see also, Matter of City of Schenectady v McCall, 245 AD2d 708, 711).

The Hearing Officer did not err in excluding evidence of prior decisions of the Social Security Administration and the Workers' Compensation Board which are alleged to have found that petitioner suffered a permanent disability. One administrative agency's determination of an issue does not bind another administrative agency considering the same issue under a different statute (see, Matter of Keller v Regan, 212 AD2d 856, 858). The record fails to substantiate petitioner's claim of bias on the part of the Hearing Officer. Bias will not be inferred from either adverse evidentiary or procedural rulings or ultimate credibility determinations.

Cardona, P. J., Mercure, Yesawich Jr. and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.