■ In the Matter of DARIN JONES, Petitioner, v H. CARL McCALL, as Comptroller, New York State and Local Retire-

ment System, Respondent. [719 NYS2d 151] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a motor equipment operator, injured his back in a fall at work in November 1992. He made several brief returns to work, but in December 1994, after he had been absent for more than a year, his employment was terminated. Shortly thereafter, he applied for accidental disability retirement benefits based upon the November 1992 injury. After a hearing, respondent denied the application and petitioner commenced this CPLR article 78 proceeding to review the determination.

Respondent concluded that petitioner failed to establish either that he is permanently incapacitated from the performance of his duties or that the November 1992 accident caused his back condition. The orthopedic expert for the State and Local Employees' Retirement System testified that his examination of petitioner, his review of MRI reports and the results of a CAT scan and myelogram disclosed insufficient objective evidence of a disabling condition. Although petitioner's expert concluded that petitioner was disabled and could not perform the duties of a motor equipment operator, it is well settled that respondent has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another (see, e.g., Matter of Tower v McCall, 257 AD2d 973, 974). The opinion of the Retirement System's expert is not so lacking in foundation or rationality as to preclude respondent from exercising the authority to evaluate conflicting medical opinions (compare, Matter of De Carolis v McCall, 272 AD2d 824, with Matter of Principe v McCall, 255 AD2d 853, 855-856; see, Matter of Silverhardt v State of New York, 269 AD2d 652, 653).

In any event, petitioner's expert testified that petitioner's disability was caused primarily by degenerative disc disease, a problem he first diagnosed several years prior to November 1992. The expert did not testify that there was a causal relationship between the November 1992 accident and petitioner's degenerative disc disease or any other disabling back condition. In view of the expert's testimony regarding the nature and extent of petitioner's back problems prior to November 1992, respondent cannot be faulted for failing to credit petitioner's testimony that he was in excellent health before the accident upon which his application was based. Petitioner

claims in his brief that the preexisting back condition was caused by work-related accidents prior to November 1992, but his application for accidental disability retirement benefits refers only to the November 1992 accident and he did not raise the issue of other work-related accidents at the hearing.

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.