■ In the Matter of EDWIN FLORES, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [718 NYS2d 900] —Peters, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

In May 1997, petitioner filed a claim for performance of duty disability retirement benefits alleging that he was disabled from performing the duties of a correction officer as the result of posttraumatic stress disorder arising out of an incident which occurred in 1994 when he was assigned to the warrant squad. Respondent Comptroller ultimately denied the application and petitioner commenced this proceeding to review the determination.

In contrast to the testimony of petitioner's expert that petitioner was disabled by posttraumatic stress disorder, the expert for respondent New York State and Local Retirement Systems testified that while petitioner had an anxiety disorder, he did not suffer from posttraumatic stress disorder and was not disabled from performing the duties of a correction officer.

Although the Retirement Systems' expert also testified that

petitioner was disabled from performing the undercover investigative work of the warrant squad, he provided a rational explanation for the alleged inconsistency based upon the differences between the work of the warrant squad and that of a correction officer. In concluding that any posttraumatic stress disorder petitioner suffered as a result of the 1994 incident was in remission, the Retirement Systems' expert relied in part on the November 1995 letter of petitioner's treating psychiatrist which stated that petitioner had recovered from his symptoms and could return to work. Petitioner's testimony that the November 1995 letter was written at his demand and did not express the psychiatrist's true opinion of petitioner's condition presented a question of credibility for the Comptroller to resolve (see generally, Matter of Di Guida v McCall, 244 AD2d 756). Notably, this psychiatrist did not testify.

Despite petitioner's criticisms, the opinion of the Retirement Systems' expert is not so lacking in foundation or rationality as to preclude the Comptroller from exercising the authority to evaluate conflicting medical opinions (see, Matter of Harper v McCall, 277 AD2d 589). We reject petitioner's claim that the Comptroller was bound by the findings of the Workers' Compensation Board on the issues of disability and causal relationship (see, Matter of Knight v New York State & Local Retirement Sys., 266 AD2d 774, 776; but see, Matter of Balcerak v County of Nassau, 94 NY2d 253).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.