■ In the Matter of ROBERT V. MAZZEI, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [845 NYS2d 559]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

On December 11, 1999 petitioner, a former police detective, was examining a utility pole to see if it had been damaged at the scene of a motor vehicle accident when his own police car was struck by another vehicle, causing it to slam into the car that had been involved in the initial accident, which then pinned petitioner against the utility pole. Petitioner did not return to work and subsequently applied for accidental disability retirement benefits. The application was initially disapproved on the basis that petitioner was not permanently incapacitated for the performance of his duties. Petitioner requested a hearing and redetermination, at the conclusion of which the Hearing Officer found that the incident was an accident within the definition of the Retirement and Social Security Law (*see e.g.* Retirement and Social Security Law § 363) and that petitioner was in fact permanently incapacitated for the performance of his duties. However, the Hearing Officer also found that petitioner had failed to prove that the accident was the competent producing cause of his disability and denied the application on that basis. Respondent upheld the Hearing Officer's determination and this CPLR article 78 proceeding ensued.

We confirm. The medical evidence as to the cause of petitioner's disability was conflicting and respondent was free to weigh the evidence and credit one expert's opinion over that of another (*see Matter of Longendyke v Regan*, 195 AD2d 695, 696 [1993]). Petitioner relies upon the expert evidence offered on his behalf, which indicated that the injuries sustained in the accident exacerbated preexisting conditions that had been asymptomatic prior thereto and that his current permanent conditions were indirectly causally related to the injuries sustained in the accident. However, the orthopedist who examined petitioner on behalf the New York State Employees' Retirement System determined that neither the knee replacement nor the back surgery undergone by petitioner after the accident were attributable to the accident. The orthopedist also testified that while these physical problems resulted in petitioner being permanently incapacitated, they were not worsened or exacerbated by the accident. In reaching these conclusions, the orthopedist relied upon, among other things, medical records indicating that petitioner never complained of lower back pain until more than two years after the accident and that his left knee did not sustain a traumatic injury at the time of the accident.

Contrary to petitioner's suggestion, the record reveals that the orthopedist did take into account the possibility of preexisting conditions being aggravated by the accident (*cf. Matter of Sanchez v New York State & Local Police & Fire Retirement Sys.*, 208 AD2d 1027, 1028 [1994]), but specifically discounted such a result based on the medical records before her. Given these facts, we conclude that there was substantial evidence to support respondent's conclusion that petitioner failed to sustain his burden of establishing that his disabling conditions were caused by the accident (*see Matter of Conkling v Hevesi*, 42 AD3d 630, 632 [2007]; *Matter of Torella v New York State & Local Retirement Sys.*, 236 AD2d 684, 685 [1997], *lv denied* 89 NY2d 816 [1997]). Accordingly, the determination must be upheld.

Petitioner's remaining contentions have been considered and rejected as unpersuasive.

Crew III, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.