■ In the Matter of AGOSTINO IACOBELLIS, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [914 NYS2d 360]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which, among other things, denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed by the New York Power Authority as a senior construction engineer and oversaw construction work at its facilities. While so engaged in 2006, he was struck by material inadvertently lowered by a crane, and applied for ordinary and accidental disability retirement benefits as a result. The applications were denied, and petitioner sought a hearing and redetermination. A Hearing Officer subsequently found that petitioner was entitled to ordinary disability retirement benefits, but that he was not permanently incapacitated as a result of the 2006 accident and not entitled to accidental disability retirement benefits. The Comptroller adopted the Hearing Officer's determination, and petitioner commenced this CPLR article 78 proceeding.

We confirm. There is no dispute that petitioner suffered from degenerative back and neck problems that predated the 2006 accident. Petitioner testified that he felt "great" before the 2006 accident, and his treating neurologist and neurosurgeon stated that the accident caused or exacerbated neck and back conditions and led to his disability. Respondent's orthopedic expert, who examined petitioner and reviewed his medical records, disagreed and opined that any disability solely arose from petitioner's prior pathology. The Comptroller was free to credit that opinion, and substantial evidence thus supports the determination that petitioner failed to meet his burden of establishing that his disability arose from the 2006 accident (see Matter of Matthews v DiNapoli, 58 AD3d 1049, 1050 [2009]; Matter of Mazzei v Hevesi, 45 AD3d 1103, 1104 [2007]; Matter of Jones v McCall, 278 AD2d 741, 742 [2000]).

As a final matter, petitioner now alleges that his disability arose from work-related incidents prior to the 2006 accident, but that issue was not raised at the hearing or before the Comptroller and is not properly before us (see Matter of Jones v McCall, 278 AD2d at 742-743).*

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur.

---

* Petitioner cited a prior knee injury in his application for accidental disability retirement benefits, but admittedly limited his arguments before the Hearing Officer and the Comptroller to the 2006 incident.

Adjudged that the determination is confirmed, without costs, and petition dismissed.