Memorandum. Order reversed and the judgment of Special Term reinstated, with costs to appellant.
The question presented is whether under the provisions of subdivision a of section 63 of the Retirement and Social Security Law, the period during which petitioner could make application for an accidental disability retirement allowance began at the commencement or termination of her unpaid leave of absence. This in turn involves the construction to be given the words “ first discontinued from service ” as they appear in the statute,
*595 Subdivision a of section 63 provides, in pertinent part:
££ a. A member shall he entitled to an accidental disability retirement allowance if, at the time application therefor is filed, he is:
“ 1. Under age sixty, and
“ 2. Physically or mentally incapacitated for performance of duty as the natural and proximate result of an accident not caused by his own willful negligence sustained in such service and while actually a member of the retirement system, and
“ 3. Actually in service upon which his membership is based.
“ However, in a case where a member is discontinued from service subsequent to the accident, either voluntarily or involuntarily, application may be made not later than two years after the member is first discontinued from service ”.
Petitioner was injured on April 17, 1967 in the course of her employment and incapacitated from further performance of her duties. After her accumulated sick leave was exhausted, petitioner applied for and was granted leave without pay. Such leave commenced August 31,1967, and expired October 18, 1968. On October 11, 1969, petitioner applied for accidental disability retirement allowance. The application was rejected as not timely filed within two years of discontinuance from State service.
In reversing a judgment in favor of petitioner, the Appellate Division (two Justices dissenting) concluded that the term “ ‘ discontinued from service ’ ” refers to “ the cessation of remunerative employment ”. Consequently, August 31, 1967 was the crucial date when the period of limitation commenced.
The Rules for the Classified Service (4 NYCRR Part 5) provides for leaves of absence in section 5.2. Under such rules, a permanent employee ‘£ may, in the discretion of the appointing authority, be granted a leave of absence from his position, without pay, for a period not exceeding two years ” (4 NYCRR 5.2 [b]). Such leave may he extended for an additional period not to exceed two years with the approval of the Civil Service Commission. Section 5.3 of the rules deals with resignations which are required to be in writing. If a resignation is submitted while an employee is on leave of absence without pay, and no effective date is specified in the resignation,1 ‘ such resig *596 nation, for the purpose of determining eligibility for reinstatement, shall be deemed to be effective as of the date of the commencement of such absence ” (4 NYCRR 5.3 [b]; emphasis added). Similarly, an absence without leave or explanation for a period of 10 work days is deemed to constitute a resignation effective on the date of the commencement of such absence for . the purpose of determining eligibility for reinstatement (4 NYCRR 5.3 [d]).. Reinstatement within one year, without examination, is permitted a permanent employee (4 NYCRR 5.4).
It should be noted that, in the sections of the rules cited, the provision as to when the leave commences is for the purpose of calculating the period for permissible reinstatement without re-examination.
However, the purpose of a statute providing for accidental disability retirement is to assure the availability of such benefits to an employee who is permanently incapacitated as a result of injuries received in the line of duty. The statute should be so construed as to carry out the desired objective if fairly and reasonably possible.
The fact that permission for leave without pay must be sought by the employee, the granting of which is in the discretion of the appointing authority, establishes a recognized relationship. That such leave may be extended even beyond the two-year period for good cause shown is a recognition of the existence of a continuing relationship, at least for the period allowed. Imposing a two-year Statute of Limitations to make application should run from the time that the relationship is terminated. This would not impose an undue burden on the system for there is always a fixed date when the leave expires, and the two-year period would commence on such date. The alternative is for the employee, of necessity, to make a premature application for reinstatement to toll the statute, when, in fact, the disability is permanent.
There are, of course, other sections of the Civil Service Law where a leave of absence is not deemed to affect the continuous service of the employee (Civil Service Law, § 130, subd. 3, par. [e]) or his eligibility for promotion (Civil Service Law, § 52, subd. 3). Those provisions have a different purpose and are *597 not to be equated with subdivision a of section 63 of the Retirement and Social Security Law. They only serve to emphasize the desirability of focusing upon the termination of a leave of absence for the purpose of a disability retirement allowance.