## (February 24, 1977)

In the Matter of RAYMOND W. STEBLAY, Respondent, v ROBERT P. WHALEN, as Commissioner of the Department of Health, et al., Appellants. —Appeal from a judgment of the Supreme Court at Special Term, entered July 20, 1976 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, and directed appellants to reinstate the petitioner to his position as research physician with the New York State Department of Health, with back pay. Petitioner commenced his employment as a research physician (a noncompetitive class) for the New York State Department of Health in August, 1969 and worked until April 18, 1973, when, due to health problems, he was placed on leave without pay. On September 19, 1973 he was placed on sick leave at half pay (4 NYCRR 21.5). In February, 1974, after exhausting all sick leave benefits, petitioner was returned to leave without pay status, where he remained until he resumed work on October 16, 1974. Petitioner apparently worked steadily for almost a year, until October 1, 1975, when he was terminated by a letter dated July 9, 1975 which gave as the reason for termination "the current fiscal constraints that have been imposed upon the Department of Health and the Kidney Institute as a result of the current New York State fiscal crisis". Petitioner thereupon brought the proceeding to compel reinstatement which is the subject of this appeal. Special Term, finding that petitioner had been improperly terminated under the Civil Service Law, granted the relief sought in the petition. Where because of economy, consolidation or abolishment of functions, positions in a noncompetitive class of State service are abolished, among incumbents having tenure protection pursuant to section 75 (subd 1, par [c]) of the Civil Service Law, such cutbacks "shall be made in the inverse order of original appointment on a permanent basis in the classified service of the state service" (Civil Service Law, § 80-a, subd 1). For the purposes of determining length of time in continuous service in the noncompetitive class, periods of leave of absence without pay, pursuant to law or rules of the Civil Service Commission, shall not constitute an interruption of continuous service (Civil Service Law, § 80-a, subd 2). Thus, we conclude, as did Special Term, that since the petitioner's leaves of absence were made pursuant to the regulations of the Civil Service Commission, that the petitioner has completed at least five years of continuous service in a noncompetitive class as required by section 75 (subd 1, par [c]) of the Civil Service Law. The letter terminating the petitioner cites economy reasons and economy reasons only as a cause of petitioner's termination, and terminations must be made pursuant to subdivision 1 of section 80-a of the Civil Service Law. This concededly was not done. Appellants' argument that the language of the termination letter citing economy reasons was done to permit the petitioner a "face-saving departure" falls far short of providing sufficient evidence to support their position. The further argument that since the position itself was not abolished it follows that the petitioner was not fired for economic reasons is without merit. We affirm Special Term's determination that leaves of absence without pay do not interrupt continuity of service (Civil Service Law, § 80-a, subd 2; *Matter of O'Marah v Levitt,*

35 NY2d 593). Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.