■ In the Matter of GRACE ABBATTISTA, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered December 10, 1976, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. This is an article 78 proceeding in which petitioner seeks to annul the determination of the Comptroller disallowing an application for a $20,000 ordinary death benefit. The facts are not in dispute and we are concerned only with a question of law. Petitioner's husband became a member of the New York State Employees' Retirement System on July 1, 1964. On September 7, 1972 he was granted leave of absence to December 7, 1972, on which date the leave was extended indefinitely without pay because of illness. On March 11, 1974 decedent returned to work and he died on May 25, 1974. Thereafter his widow, petitioner, applied for ordinary death benefits pursuant to section 60-a of the Retirement and Social Security Law. This application was denied on the ground that her husband did not render 90 days of continuous service in the service of his employer during the 15-month period immediately preceding his death. She was awarded the sum of $11,881.19 and it is the difference between this sum and the $20,000 which petitioner seeks. Subdivision (a) of section 60-b of the Retirement and Social Security Law provides in pertinent part that to be entitled to ordinary death benefits a member must have "rendered ninety or more days of continuous service in the service of such participating employer during the fifteen month period immediately preceding death". In substance, it is petitioner's contention that since decedent was on leave of absence to March 11, 1974, that time must be considered as being in service, resulting in the required 90-day period. She relies heavily on *Matter of O'Marah v Levitt* (35 NY2d 593) as authority for her position. We arrive at a contrary conclusion. The *O'Marah* case is clearly distinguishable. That case was concerned with the two-year Statute of Limitations imposed for timely application for accidental disability retirement and the court determined that the time should run from the date the leave of absence expires. Here the statutory language is clear and unambiguous providing that as a prerequisite to entitlement one must have served 90 or more days continuously in service

during the 15-month period preceding death. An interpretation that the period of a leave of absence constitutes time "in service" is unrealistic and, in our view, contrary to the plain language of the statute. Consequently, respondent's determination that decedent did not have the required continuous 90 days in service must be sustained. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.