OPINION OF THE COURT
George L. Cobb, J.
This CPLR article 78 proceeding was brought to review the determination of a hearing officer dated May 18, 1977 which upheld the respondent Comptroller’s disapproval on July 7, 1976 of petitioner’s application for accidental disability retirement benefits upon the ground that, at the time the said application was filed, petitioner was not a member of the retirement system.
On May 30, 1972, while performing his duties as an employee of the New York State Department of Transportation, petitioner sustained serious and presumably permanently disabling injuries and he never thereafter regularly and actively performed the duties of that employment. In April of 1974, the Department of Transportation terminated his public employment and thereupon, in accordance with the recommendation of the regional personnel officer of that department, petitioner applied for ordinary service retirement benefits which application the respondent approved on or about September 10, 1974.
Sometime prior to July 7, 1975, petitioner realized he had made a serious error in applying for ordinary retirement benefits rather than the significantly higher benefits available for those persons who are entitled to receive accidental disability retirement benefits pursuant to section 63 of the Retirement and Social Security Law and on that day his attorney informed the system of the situation and inquired as to what steps were required "to reopen this case”. The system promptly ruled that the petitioner could not then apply for section 63 benefits because petitioner’s "membership terminated at the time of his retirement” in September of 1974, whereupon petitioner sought and received a hearing before Hearing Officer Richard S. Heller who, on May 7, 1976, ruled *1041 that petitioner was entitled to file an application for section 63 benefits and directed that that be done so that "applicant * * * [might] * * * have an opportunity to present his application for accidental disability retirement to the Comptroller for processing and a formal determination”. However, after the petitioner on May 24, 1976 had formally filed for such benefits, the Comptroller on July 7, 1976 summarily disapproved it solely upon the basis that, since petitioner had retired effective September 10, 1974, he was not a member of the system at the time his said application was so filed (see Retirement and Social Security Law, § 40, subd f, par [3]). After a second hearing before another hearing officer, that summary disapproval, which seemingly ignored the ruling of Hearing Officer Heller, has been upheld.
Subdivision a of section 63 of the Retirement and Social Security Law provides, in pertinent part:
"a. A member shall be entitled to an accidental disability retirement allowance if, at the time application therefor is filed, he is:
"1. Under age sixty, and
"2. Physically or mentally incapacitated for performance of duty as the natural and proximate result of an accident not caused by his own willful negligence sustained in such service and while actually a member of the retirement system, and
"3. Actually in service upon which his membership is based.
"However, in a case where a member is discontinued from service subsequent to the accident, either voluntarily or involuntarily, application may be made not later than two years after the member is first discontinued from service”.
In Matter of O'Marah v Levitt (35 NY2d 593, 596), as in this case, the court was required to construe the foregoing statutory provisions and in doing so, the court commented as follows: "However, the purpose of a statute providing for accidental disability retirement is to assure the availability of such benefits to an employee who is permanently incapacitated as a result of injuries received in the line of duty. The statute should be so construed as to carry out the desired objective if fairly and reasonably possible.” The objective of this court in this case, then, must be to so construe the statute that the petitioner receives accidental disability retirement benefits if that is fairly and reasonably possible. Accordingly, the court holds that a public employee who is incapacitated as *1042 a result of an "on-the-job” accident as such is described in section 63 (subd a, par [2]) of the Retirement and Social Security Law and who at the time of the accident was (1) a member of the system, (2) under age 60, and (3) actually in service upon which his membership in the system was based is entitled to the accidental disability retirement benefits provided by the last cited statute provided that at the time such public employee makes application for such benefits he is (1) under age 60, (2) continues to be so incapacitated, and (3) either (a) is actually in service upon which his said membership in the system is based, or (b) has not been separated from that service more than two years.
The respondent Comptroller would interpret the relevant statutes to deny to a public employee who is permanently disabled as a result of his public service the protections and benefits which the Legislature in enacting the said statute obviously intended in such a case merely because the application which was initially filed by that unfortunate employee sought fewer benefits than were his just due and the Comptroller would do this even though that public employee made timely application for the latter benefits as soon as he discovered his mistake. The imposition of such a penalty because, upon the recommendation of his employment superior, the petitioner made an innocent and nonprejudicial mistake in a field as complex as this one is unconscionable (Matter of O'Marah v Levitt, 35 NY2d 593, supra; Matter of Kolasz v Levitt, Supreme Ct, Albany County, Dec. 16, 1975, Cobb, J.).
The court will grant a judgment vacating the determinations complained of and directing the respondent to forthwith render a determination as to whether or not the petitioner was physically or mentally incapacitated for performance of duty as the natural and proximate result of an accident not caused by petitioner’s own willful negligence sustained in public employment and if that determination is affirmative that the respondent approve petitioner’s application for accidental disability retirement benefits retroactive to September 10, 1974 less any other retirement benefits already paid to petitioner by the system.