THIRD DEPARTMENT, NOVEMBER, 1979

(November 1, 1979)

■ In the Matter of HARRY A. COLLINS, Respondent, v ARTHUR LEVITT, as Comptroller of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered June 20, 1978 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a determination of the State Comptroller denying petitioner accidental disability retirement benefits. Petitioner was a member of the New York State Employees' Retirement System when he suffered injuries while at work for the Department of Transportation on May 30, 1972 as a result of which he allegedly became permanently disabled. He was advised by his employer to apply for "ordi-

nary service retirement". Thereafter, he applied for ordinary disability retirement and on September 10, 1974 his application was approved and his employment terminated. Petitioner subsequently learned of accidental disability benefits pursuant to section 63 of the Retirement and Social Security Law, and on July 7, 1975 he applied for such benefits. The application was denied, but after a hearing it was determined that he was entitled to file for accidental disability retirement. On May 24, 1976, such an application was filed and the Comptroller, on July 7, 1976, disapproved the application on the ground that petitioner was not a member of the retirement system at the time of his application. This article 78 proceeding was brought seeking a review and vacatur of the Comptroller's determination. Special Term granted the requested relief and this appeal ensued. The disposition of this controversy is governed by section 63 of the Retirement and Social Security Law which provides, in part, as follows: "a. A member shall be entitled to an accidental disability retirement allowance if, at the time application therefor is filed, he is: 1. Under age sixty, and 2. Physically or mentally incapacitated for performance of duty as the natural and proximate result of an accident not caused by his own willful negligence sustained in such service and while actually a member of the retirement system, and 3. Actually in service upon which his membership is based. However, in a case where a member is discontinued from service subsequent to the accident, either voluntarily or involuntarily, application may be made not later than two years after the member is first discontinued from service and provided that the member meets the requirements of paragraphs one and two of subdivision a of this section." The Comptroller's reliance on section 40 of that law is misplaced since the general definition contained therein does not supersede the specific requirements of section 63. Concededly, petitioner complies with section 63 (subd a, pars 1, 2), and paragraph 3 clearly and expressly permits an application for benefits to be filed within two years after the member is discontinued from service (see *Matter of O'Marah v Levitt,* 35 NY2d 593). The record demonstrates that petitioner's application was within the two-year limitation period. The judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur. [94 Misc 2d 1039.]