■ In the Matter of THEODORE H. OLIVER, JR., Appellant, v COUNTY OF BROOME et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered October 3, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78,

to review a determination of respondent Comptroller denying petitioner's request for a redetermination of his retirement status and the effective date of his retirement.

Petitioner was granted disability retirement, effective September 22, 1984, under Retirement and Social Security Law § 605 as a Tier III member. He commenced a CPLR article 78 proceeding challenging respondent Comptroller's decision to retire him as a Tier III member. Supreme Court, *inter alia,* annulled the Comptroller's determination granting petitioner disability retirement under Retirement and Social Security Law § 605. Respondents Broome County and Anthony C. Ruffo were directed to restore petitioner to the payroll at his regular salary and the Comptroller was ordered to process petitioner's application as a Tier II member pursuant to Retirement and Social Security Law § 63; this court affirmed Supreme Court's judgment *(Matter of Oliver v County of Broome,* 113 AD2d 239) (hereinafter referred to as *Oliver I).* Subsequently, respondents appealed to the Court of Appeals, petitioner cross-appealed and petitioner also moved for leave to appeal. Petitioner's motion for leave to appeal was denied *(Matter of Oliver v County of Broome,* 67 NY2d 607) and both petitioner's cross appeal and respondents' appeal were dismissed *(Matter of Oliver v County of Broome,* 67 NY2d 1027), the court noting in its order that "no substantial constitutional question is directly involved". Petitioner was not restored to the payroll pending these appeals to the Court of Appeals by virtue of respondents' reliance on the automatic stay of enforcement provision contained in CPLR 5519 (a) (1).

The Comptroller redetermined petitioner's eligibility for accidental disability retirement as a Tier II member and on January 9, 1986 granted him benefits under Retirement and Social Security Law § 63, effective September 22, 1984, the same date which had been used as the effective date in the previous Tier III retirement. The Comptroller advised petitioner of benefit estimates and information concerning available payment options and advised him that if selections were not made within a specified time period, his retirement would be computed pursuant to the default selections provided by law. Petitioner failed to choose from the available options. His benefits were computed as he had been advised.

Upon dismissal of the appeals from the Court of Appeals and the lifting of the CPLR 5519 (a) (1) stay, Broome County and Ruffo refused to restore petitioner to the payroll because by then the Comptroller's determination granting petitioner Tier II retirement was made, effective September 22, 1984.

Petitioner requested a hearing and redetermination of his tier membership status, his effective retirement date and the options used to calculate his benefits. This was denied based on the judicial determination in *Oliver I* establishing petitioner's Tier II membership, and based on statutes and regulations determining the effective date of retirement.

Petitioner then commenced this CPLR article 78 proceeding seeking a judgment declaring that the failure to reinstate him to the payroll following *Oliver I* violated this court's order and his constitutional rights. Supreme Court dismissed petitioner's application noting that Broome County and Ruffo were not in violation of the *Oliver I* judgment due to the automatic, statutory stay and, therefore, petitioner's demand for the salary he would have earned in 1985 and 1986 was without merit. It was also held that the Comptroller properly determined the effective date of petitioner's retirement and that res judicata barred relitigation of petitioner's tier membership status.

Petitioner urges that he should have been returned to the payroll upon annulment of the Comptroller's grant of Tier III retirement pursuant to *Oliver I.* He contends that no retirement application was in effect until January 9, 1986 when he was approved for disability retirement and he is, therefore, entitled to his full pay from September 22, 1984 to January 9, 1986. As to the automatic stay pending appeal, petitioner contends that a stay "does not permit a violation of a specific injunction contained in a judgment or order from which an appeal is taken" *(Matter of Meyer,* 209 NY 59, 68; *see, Sixth Ave. R. R. Co. v Gilbert El. R. R. Co.,* 71 NY 430, 432-434). We find that a judgment directing specific relief such as the instant judgment of restoration to the payroll is distinguishable from prohibitive injunctions which bar certain conduct; therefore, it does not fall within the narrow exception to the operation of the stay *(see, Cold Spring Light, Heat & Power Co. v Selleck,* 256 NY 451, 457), the primary purpose of which is to preserve the status quo.

The instant stay was lifted when the appeals were dismissed by order of the Court of Appeals, dated April 29, 1986. By then, the Comptroller had processed petitioner's application and granted him disability retirement effective as of September 22, 1984. Petitioner could not receive retirement benefits from this date and duplicative salary payments as well.

In regards to petitioner's contention that the Comptroller's choice of September 22, 1984 as a retirement date is arbitrary and improper, we hold that it is not arbitrary upon a redeter-

mination of eligibility, as here, to approve retirement benefits retroactive to the date when the previous retirement had been approved *(see, Matter of Collins v Levitt,* 94 Misc 2d 1039, 1042, *affd* 72 AD2d 821, *lv denied* 49 NY2d 703). The effective dates of retirement are "determination[s] reserved by law to the Comptroller (Retirement and Social Security Law § 63 [d])" *(Matter of Oliver v County of Broome, supra,* at 243). The determinations should not be disturbed unless they are arbitrary. We find that the Comptroller acted reasonably and properly within his regulations *(see,* 2 NYCRR 309.6).

We find no merit to petitioner's claims that the selection of a retirement option on his behalf when he failed to select his own choice was unconstitutional *(see,* Retirement and Social Security Law § 90 [bb]).

Finally, petitioner contends that he was entitled to relitigate his tier status. We disagree. This matter was adjudicated in the previous CPLR article 78 proceeding and res judicata forecloses its relitigation *(see, Matter of Oliver v County of Broome, supra,* at 241).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.