◼ In the Matter of JOHN H. GARDNER, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents. [689 NYS2d 785] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a plumber and steamfitter by the New York State Thruway Authority in October 1987, when he was injured by falling through a trap door while replacing a heater in a toll booth. The accident left petitioner with nerve damage and injuries to his back, hip and right leg. Despite surgery, petitioner's back pain worsened, causing him to apply for accidental disability retirement benefits on May 27, 1994. Petitioner did not resign from his employment, however, until November 15, 1994. The application was denied on the ground that petitioner had failed to sustain his burden of proving that he was permanently incapacitated from performing his

employment-related duties on the day he applied for retirement benefits. This CPLR article 78 proceeding ensued.

We find that there is substantial evidence in the record to support respondent Comptroller's determination. The orthopedic surgeon who examined petitioner and reviewed his medical history for respondent New York State and Local Employees' Retirement System (hereinafter the Retirement System) testified that petitioner's physical condition was within normal limits except for some weakness and loss of sensation in his right leg. He opined that although petitioner suffered from a moderate permanent partial disability, he was nonetheless capable of performing his job responsibilities. Petitioner's treating physician, also an orthopedic surgeon, testified that petitioner suffered from two herniated discs and a pinched nerve root as a result of the October 1987 injury and that even after surgery, he was permanently and totally disabled from performing his duties as a plumber.

It is within the Comptroller's discretion to evaluate conflicting medical testimony, such as the expert witness testimony presented in this matter, and to credit one expert's opinion over that of another (*see, Matter of McGarry v McCall*, 234 AD2d 886, 887; *Matter of Hamlet v McCall*, 222 AD2d 883). While medical evidence was adduced which could support a finding of permanent disability, the testimony of the physician who testified on behalf of the Retirement System was sufficient to constitute the requisite substantial evidence in support of the determination under review. That determination is, accordingly, upheld (*see, Matter of Kinlock v New York State & Local Employees' Retirement Sys.*, 237 AD2d 810, 811).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.