■ In the Matter of JOY P. HUNT, Petitioner, v H. CARL MC-CALL, as Comptroller of the State of New York, Respondent. [702 NYS2d 467] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a developmental aide, filed an application for accidental disability retirement benefits alleging that she sustained neck, back and chest injuries as the result of two physical assaults by clients occurring in June 1992 and August 1993.* Following a hearing, the application was denied on the ground that petitioner was not permanently incapacitated from the performance of her employment duties. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination and we confirm.

Substantial evidence supports respondent's determination that petitioner failed to demonstrate her entitlement to benefits (see, Matter of Amodeo v McCall, 257 AD2d 872; Matter of Mayo v McCall, 253 AD2d 977). Sherwood Greiner, the orthopedic surgeon who examined petitioner at the request of the State and Local Employees' Retirement System, testified that

---

* Although petitioner's application was also based upon an August 19, 1993 off-duty automobile accident, petitioner withdrew that portion of her claim during the hearing.

petitioner's claimed inability to perform certain tests indicated almost total paralysis or a complete spinal fusion, yet petitioner performed similar tests without notable limitation and was able to ambulate normally during the examination. Based upon these contradictory findings and his review of petitioner's X rays and MRIs—which Greiner opined revealed normal degenerative changes throughout the spine—Greiner concluded that petitioner's range of motion restrictions were voluntary and that she was not physically incapable of performing her job duties. While petitioner's orthopedic surgeon testified that petitioner was permanently incapacitated from performing her employment responsibilities, respondent has the authority to evaluate conflicting medical evidence and to credit the opinion of one expert witness over that of another (*see, Matter of Senecal v McCall*, 252 AD2d 630; *Matter of Sloan v McCall*, 238 AD2d 666).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.