■ In the Matter of GARY GREENWAY, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [711 NYS2d 538] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a correction officer, filed applications for accidental and performance of duty disability retirement benefits alleging that he sustained a permanently disabling spinal injury when he was assaulted by an inmate during the course of his employment. Following a hearing, respondent Comptroller denied the applications on the ground that petitioner failed to demonstrate that he is permanently incapacitated from performing his duties as a correction officer. Petitioner appeals and we confirm.

In order to demonstrate his entitlement to accidental and performance of duty disability retirement benefits, petitioner was required to demonstrate that he was permanently incapacitated from the performance of his duties (*see*, Retirement and Social Security Law §§ 507-a, 507-b; *Matter of City of Schenectady v McCall*, 245 AD2d 708, 709). The evidence presented at petitioner's hearing included the testimony of Robert Bauer, an orthopedic surgeon who evaluated petitioner on behalf of the New York State and Local Employees' Retirement System, and James White, petitioner's treating orthopedic surgeon. According to Bauer, his physical examination of petitioner revealed full range of motion of the cervical and lumbar spine

and no objective evidence of spinal abnormalities other than normal degenerative changes. Based upon the physical examination and his review of petitioner's medical records and diagnostic test results, Bauer opined that petitioner was not permanently incapacitated from performing his duties as a correction officer. Although White opined that petitioner was permanently incapacitated, his opinion was not based upon petitioner's present condition but upon the possibility that petitioner might sustain a serious permanent injury in the event that he was assaulted by an inmate in the future.

Given the nature of White's opinion and the issues created thereby, it was within the Comptroller's province to weigh the expert testimony and to accept the opinion of Bauer as more credible (*see, Matter of Senecal v McCall*, 252 AD2d 630; *Matter of Colligan v Regan*, 128 AD2d 928, 929). In our view, the medical testimony was sufficient to constitute substantial evidence to support the Comptroller's determination that petitioner was not permanently incapacitated from performing his duties (*see, Matter of Hunt v McCall*, 269 AD2d 645; *Matter of Gardner v McCall*, 261 AD2d 756, 757). Petitioner's remaining contentions have been reviewed and do not warrant a contrary result.

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.