■ In the Matter of KATHLEEN PELLINO, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, et al., Respondents. [713 NYS2d 567] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

In August 1994, petitioner was working as a motor vehicle representative when a belligerent customer slammed a door on her right hand. Petitioner thereafter filed an application for ordinary disability retirement benefits alleging that she is permanently incapacitated from performing her employment duties as the result of reflex sympathetic dystrophy caused by her injuries. Finding no objective evidence of disability, respondent Comptroller denied the application on the ground that petitioner failed to demonstrate that she is permanently incapacitated from the performance of her duties. This CPLR article 78 proceeding ensued.

Petitioner contends that the Comptroller's determination is not supported by substantial evidence. We disagree. Although petitioner's treating orthopedic surgeon diagnosed petitioner with reflex sympathetic dystrophy and opined that the condition permanently disabled her from working, Mark Dentinger, the neurologist who testified on behalf of respondent New York State and Local Employees' Retirement System, provided a conflicting medical opinion. According to Dentinger, his neurological examination of petitioner disclosed no functional limitation or objective evidence to support a diagnosis of reflex sympathetic dystrophy or other disabling condition. He stated that petitioner's complaints of severe pain were inconsistent with her failure to display any discernable pain reaction in response to physical examination, leading to his conclusion that petitioner's claimed ailments were either volitional or attributable to a psychiatric problem.

This evidence, as well as the testimony of the psychiatrist who evaluated petitioner on behalf of the Retirement System and found no evidence of a disabling psychiatric condition, constitutes substantial evidence to support the Comptroller's determination that petitioner was not permanently incapacitated from her employment (*see, Matter of Hunt v McCall*, 269 AD2d 645, 645-646; *Matter of Nugent v New York State & Local Employees' Retirement Sys.*, 255 AD2d 682; *Matter of Mayo v McCall*, 253 AD2d 977, 978; *Matter of Flannery v McCall*, 219

AD2d 770). While we recognize that the record contains evidence that might support a contrary conclusion, this created a credibility issue within the Comptroller's exclusive province to resolve (*see, Matter of De Carolis v McCall*, 272 AD2d 824; *Matter of Ramseur v Regan*, 154 AD2d 869, 870). Finally, the decision of the Workers' Compensation Board awarding petitioner benefits under the Workers' Compensation Law is not binding on the Comptroller and does not bar respondent, upon review of the evidence, from reaching a determination that petitioner is not permanently incapacitated from the performance of her job duties (*see, Matter of Knight v New York State & Local Employees' Retirement Sys.*, 266 AD2d 774, 776; *Matter of Keller v Regan*, 212 AD2d 856, 858).

Cardona, P. J., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.