■ In the Matter of the Claim of WILLIAM A. COOPER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [772 NYS2d 635]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner was employed as a developmental aide at a residential group home where his duties included assisting residents to accomplish personal tasks and helping to restrain them, as needed. He stopped working in June 1998 due to the constant pain he reported experiencing in his neck, back and hip which, in turn, caused him to suffer from depression, sleep apnea and an impairment of his mental functioning. In January 1999, petitioner filed a claim for disability retirement benefits (see Retirement and Social Security Law art 15).

Medical evidence was presented including the testimony of Wayne Strouse, who had been petitioner's treating physician since 1993, but who had not yet been able to arrive at a specific diagnosis for petitioner's condition. He suspected, however, that petitioner suffered from, inter alia, fibromyalgia, irritable bowel syndrome, Raynaud's disease, depression and sleep apnea. He had originally deemed petitioner permanently incapacitated from employment, but later withdrew this conclusion on the ground that sleep apnea has been successfully treated. Also in evidence was the report of an orthopedic surgeon, Austin Leve, who examined petitioner on behalf of the New York State and Local Employees' Retirement System. Leve concluded that petitioner had experienced no loss of motion in his neck or upper extremities nor did he suffer from muscle atrophy. His gait was unimpeded. A psychological evaluation was performed upon petitioner by Leon Canapary at the behest of the Retirement System. He reported that petitioner was permanently incapacitated from working by his severe depressive state but that more aggressive treatment thereof, e.g., with electroconvulsive therapy and a different dosage of antidepressant medication, could ameliorate this condition. An evaluation of this medical evidence led the Hearing Officer to conclude that petitioner was suffering from psychological depression and fibromyalgia, but that neither of these conditions was sufficiently debilitating to

permanently incapacitate him from pursuing his employment as a developmental aide. Petitioner's application for disability retirement benefits was, accordingly, denied, prompting this CPLR article 78 proceeding.

Petitioner initially argues that respondent erred in requiring a showing of permanency. Retirement and Social Security Law § 605 (c) authorizes disability retirement when "the member is physically or mentally incapacitated for the performance of gainful employment." Although the statute does not specifically recite to permanency, there are many cases upholding respondent's long-standing requirement of a showing of permanency when applying for disability retirement benefits under this statute and under other similar provisions of the Retirement and Social Security Law (see e.g. Matter of O'Marah v Levitt, 35 NY2d 593, 596 [1974]; Matter of Gaglianese v New York State & Local Retirement Sys., 308 AD2d 669, 670 [2003]; Matter of Brown v McCall, 294 AD2d 703, 705 [2002]; Matter of Pellino v McCall, 275 AD2d 880, 880-881 [2000]; Matter of Greenway v New York State & Local Employees' Retirement Sys., 274 AD2d 662, 662 [2000], lv dismissed 95 NY2d 917 [2000]). In light of the consistent interpretation of the statute in numerous cases over a considerable period of time, and the fact that the Legislature has not made any germane change to the statute, we are unpersuaded to depart from the well-established precedent (cf. Eastern Consol. Properties v Adelaide Realty Corp., 95 NY2d 785, 787 [2000]; City of Buffalo v Cargill, 44 NY2d 7, 17-18 [1978]; Matter of Schulz v State of New York, 241 AD2d 806, 807-808 [1997], appeal dismissed 90 NY2d 1007 [1997]).

Next, we consider whether the determination is supported by substantial evidence, which in the context of disability cases has been defined as "some credible evidence" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [1996]). It is well settled that respondent has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another (see Matter of Harper v McCall, 277 AD2d 589, 590 [2000]). Expert opinion based upon a review of medical records and a physical examination, such as that presented at petitioner's hearing, is generally considered credible evidence upon which respondent may rely (see Matter of Kavakos v McCall, 251 AD2d 857, 858 [1998], lv denied 92 NY2d 812 [1998]) and inconsistencies embodied therein are for resolution by implementation of the discretionary power of the administrative factfinder (see generally Matter of Harper v McCall, supra at 590). As the medical testimony was more than sufficient to constitute substantial evidence to support respon-

dent's determination that petitioner was not permanently incapacitated from performing his employment-related duties, the determination under review will not be disturbed (*see Matter of Greenway v New York State & Local Employees' Retirement Sys., supra* at 663).

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.