Stein, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent which determined petitioner’s effective retirement date.
Petitioner, a police officer employed by the Village of Bronx- *1010 ville, submitted an application for disability retirement benefits. While that application was pending, the Village filed disciplinary charges against petitioner and, on November 19, 2007, he was terminated by the Village Board. Petitioner’s application for disability retirement benefits was granted on August 12, 2008 and the New York State and Local Retirement System initially set his effective retirement date as November 17, 2007, the date of petitioner’s last day on the Village payroll as reported by the Village. However, after receiving additional information from the Village Board, which indicated that petitioner remained on the Village payroll through November 19, 2007, the Retirement System adjusted petitioner’s retirement date to November 20, 2007. The Retirement System notified petitioner of this change and petitioner made a timely request for a hearing and redetermination thereof. Following a hearing, the Hearing Officer found that the Retirement System properly corrected petitioner’s effective retirement date to November 20, 2007. After an unsuccessful administrative appeal, this CPLR article 78 proceeding ensued.
We confirm. Respondent is vested with the exclusive authority to determine applications for retirement benefits and such determination, if supported by substantial evidence, must be upheld (see Retirement and Social Security Law § 374 [b]; Matter of Chichester v DiNapoli, 108 AD3d 924, 925 [2013]; Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.], 106 AD3d 1321, 1322 [2013], lv denied 22 NY3d 854 [2013]). The effective date of a member’s disability retirement is either “on the date of filing of such disability retirement application or on the day after the last date on which the member receives salary, whichever is later” (2 NYCRR 309.6). Notably, respondent is required to correct any changes or errors affecting a retiree’s benefits upon discovery thereof (see Retirement and Social Security Law § 111 [c]; Matter of Brosnahan v New York State Employees’ Retirement Sys., 174 AD2d 954, 955 [1991], lv denied 78 NY2d 858 [1991]). Here, notwithstanding petitioner’s claim that his effective retirement date was changed as a result of actions taken by the Village in retaliation for a civil rights claim that he had asserted against the Village, respondent was entitled to rely upon the payroll information provided by the Village. Inasmuch as the record reflects a termination date of November 19, 2007, respondent’s determination was supported by substantial evidence, and we find no basis to disturb it (see generally Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.], 106 AD3d at 1322; Matter of Oliver v County of Broome, 136 AD2d 793, 796 [1988]).
*1011 To the extent not specifically addressed herein, petitioner’s remaining claims have been considered and found to be lacking in merit.
Lahtinen, J.E, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.