Matter of Maldari v DiNapoli (2018 NY Slip Op 02858)





Matter of Maldari v DiNapoli


2018 NY Slip Op 02858


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525416

[*1]In the Matter of PHILIP MALDARI, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Bartlett LLP, White Plains (Nicholas Switach of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental and performance of duty disability retirement benefits.
Petitioner, a firefighter, was diagnosed with bladder cancer and did not return to work thereafter. Petitioner applied for accidental and performance of duty disability retirement benefits, alleging that he was permanently incapacitated due to bladder cancer caused by his exposure to hazardous material and
other toxic fumes during the course of his employment. The applications were initially denied. Following a hearing, a Hearing Officer determined that petitioner did not establish that his disability resulted from an accident or was incurred in the performance of his duties and, therefore, denied the applications. In upholding the denial of the applications, respondent made additional findings of fact, concluding, among other things, that petitioner failed to meet his burden of establishing that he was permanently incapacitated. This CPLR article 78 proceeding ensued.
We confirm. "In connection with any application for accidental or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is [*2]permanently incapacitated from the performance of his or her job duties" (Matter of London v DiNapoli, 153 AD3d 1106, 1107 [2017] [internal quotation marks and citations omitted]; see Matter of Byrne v DiNapoli, 85 AD3d 1530, 1531 [2011]). Here, the record establishes that, after undergoing successful bladder surgery, petitioner is in remission. Other than medical screening, no further medical treatment for the cancerous condition is required. Medical testimony from the physicians who examined petitioner confirmed that he is physically able to perform his duties as a firefighter. Although the physicians opined that petitioner is permanently disabled from returning to work due to environmental concerns that placed him at an increased risk of recurrence of the cancer, such opinions are based upon the possibility of a future disabling condition, rather than a present disability (see e.g. Matter of Greenway v New York State & Local Employees' Retirement Sys., 274 AD2d 662, 663 [2000], lv dismissed 95 NY2d 917 [2000]). As the record does not contain any medical evidence to support a finding that petitioner is presently disabled, "petitioner failed to meet his threshold burden of establishing that he was permanently incapacitated" (Matter of Pellittiere v New York State & Local Police & Fire Retirement Sys., 121 AD3d 1143, 1144-1145 [2014]). Accordingly, respondent's determination denying petitioner's applications for accidental and performance of duty disability retirement benefits will not be disturbed (see Matter of Byrne v DiNapoli, 85 AD3d at 1531; Matter of Greenway v New York State & Local Employees' Retirement Sys., 274 AD2d at 663). In view of the foregoing, we need not address petitioner's remaining challenges, including his argument with regard to the presumption set forth by Retirement and Social Security Law § 363-d.
McCarthy, Lynch, Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.