| **Coles v City of New York** |
|:---:|
| 2024 NY Slip Op 33607(U) |
| October 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152739/2024 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. LYNN R. KOTLER**                          PART          08

*Justice*

--------------------------------------------------------------------X

TOBY COLES,

|  |  |
|---|---|
| INDEX NO. | 152739/2024 |
| MOTION DATE | 03/25/2024, 03/25/2024 |
| MOTION SEQ. NO. | 001 |

Petitioner,

- v -

THE CITY OF NEW YORK, NEW YORK CITY OFFICE OF
LABOR RELATIONS (HEALTH BENEFITS PROGRAM
SECTION)

**DECISION + ORDER ON
MOTION**

Respondent.

--------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 8, 9, 10, 11, 12
were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)                    .

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 8, 9, 10, 11, 12
were read on this motion to/for                    VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, this motion is decided as follows. In this special proceeding brought pursuant to CPLR Article 78, petitioner Toby Coles claims that respondents New York City Office of Labor Relation (Health Benefits Program Section) and the City of New York ("Respondents") committed age discrimination by denying certain rights under the GHI/EBCBS (n/k/a/ Anthem) Senior Care Medicare Supplemental Plan (the "Plan"). Coles seeks an order enjoining respondents from denying him rights to prescription insurance under the Plan and granting him those rights pursuant to New York City Human Rights Laws ("NYCHRL") and New York State Human Rights Laws ("NYSHRL"). Respondents cross-move to dismiss, alleging that Coles cannot show that the decision was arbitrary and capricious or lacking a rational basis and that he has failed to state a claim for age discrimination. For the reasons that follow, the cross-motion to dismiss is granted.

Facts

The facts alleged in the petition are as follows. Coles retired from the City of New York law enforcement service with more than 20 years of service, entitling him to full retirement benefits including health and prescription insurance. On or about November 29, 2023, Coles filed his Health Benefits Program Retiree Application/Change Form with the Health Benefits Program Section of the Office of Labor of Relations ("Health Benefits Program Section") to obtain Medicare with 365-days of hospitalization coverage and the Medicare Part D prescription drug plan.

Coles provided to the court a letter dated February 9, 2024, from the City of New York Employee Health Benefits Program stating that as of January 1, 2024, Coles had been enrolled in the Plan with 365-days hospitalization coverage but was denied enrollment in the Part D prescription coverage plan. The letter states that "[s]ince you belong to a union/welfare fund [Corrections Officers Benefits Association ("COBA")] that provides prescription drug coverage, you are ineligible to enroll in the prescription drug portion of the rider... per CMS regulations." Coles claims that he is eligible for these benefits, as he enrolled in the GHI Comprehensive Benefits Plan which satisfies his Medicare Part D requirement, and claims that the only reason for the denial is his age.

Respondents argue that they had a rational basis in denying Coles' enrollment in the prescription portion of the optional rider as their determination was consistent with the express eligibility criteria under the New York City Health Benefits Summary Program Description ("SPD").

Discussion

152739/2024  COLES, TOBY vs. THE CITY OF NEW YORK ET AL
Motion No.  001 001

Page 2 of 7

In an Article 78 proceeding, the applicable standard of review is whether the administrative decision: was made in violation of lawful procedure; affected by an error of law; or arbitrary or capricious or an abuse of discretion, including whether the penalty imposed was an abuse of discretion (CPLR § 7803 [3]; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck. Westchester County*, 34 NY2d 222, 231 [1974]). "An action or determination is arbitrary and capricious when 'it is taken without sound basis in reason or regard to the facts'" (*Matter of Ferrelli v State of New York*, 226 AD3d 504, 504 [1st Dept 2024] *quoting Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see also Matter of Pell*, 34 NY2d at 231). "It is well settled that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion" (*Matter of Perez v Rhea*, 20 NY3d 399, 405 [2013] *quoting Matter of Pell*, 34 NY2d at 232).

An agency determination denying enrollment in a health benefits plan based on the eligibility criteria of the plan is not an arbitrary or unreasonable decision and must be upheld (*see Matter of Bahr v MTA*, 14 Misc 3d 1215[A] at *3-4 [Sup Ct, Kings County 2007] [granting motion to dismiss where petitioner did not meet required 10 years of service to be eligible for health insurance coverage]; *Matter of Oliver v County of Broome*, 136 AD2d 793, 795-796 [3d Dept 1988] [annulling Tier III retirement benefits and granting Tier II benefits based on criteria was not arbitrary and capricious]; *Matter of Kempkes v DiNapoli*, 111 AD3d 1009, 1010 [3d Dept 2013] ["Respondent is vested with the exclusive authority to determine applications for retirement benefits and such determination, if supported by substantial evidence, must be upheld"]; *Matter of Kaslow v City of New York*, 23 NY3d 78, 88 [2014] [finding that agency's interpretation of statute governing retirement benefits was reasonable]).

152739/2024   COLES, TOBY vs. THE CITY OF NEW YORK ET AL
Motion No.  001 001

Page 3 of 7

[* 3]

The SPD, publicly available at

https://www.nyc.gov/assets/olr/downloads/pdf/health/health-full-spd.pdf, states:

> Many retirees get additional health benefits through their welfare funds. If your welfare fund is providing benefits similar to some (or all) of the benefits in your plan's Optional Rider, those specific benefits will be provided only by your welfare fund and will not be available through your health plan rider.

Coles does not dispute the fact that he has prescription coverage under his welfare fund. Rather he argues that he was denied Part D coverage because of his age and that he will lose access to certain providers and be subjected to denials and delays in receiving his prescriptions. Coles argues that Respondents have provided "no meaningful... explanation for denying Mr. Cole's eligible medical insurance coverage" and "[r]espondents provided only a conclusory explanation that did not provided any references to statutory or regulatory authority and seem to indicate that the Respondents' actions against Mr. Coles is based upon age discrimination" despite providing a letter that clearly states the rationale behind the respondent's decision.

In his response, Coles does not provide any arguments that the agency decision was irrational but argues that triable issues of material fact remain and that the parties disagree as to the underlying regulations. However, the eligibility criteria for the optional rider is clear, and Coles' COBA benefits disqualify him from prescription coverage under the rider and the agency decision was rationally based on this criteria.

Respondents argue further that Coles has failed to state a claim for age discrimination, as his petition failed to allege sufficient facts. Meanwhile, Coles contends that older retirees are treated worse than younger retirees which constitutes age discrimination and that he has sufficiently stated a claim under the NYSHRL and NYCHRL.

Pursuant to CPLR § 3211(a)(7), a "party may move for judgment dismissing one or more causes of action asserted against him on the ground that... the pleading fails to state a cause of

152739/2024   COLES, TOBY vs. THE CITY OF NEW YORK ET AL
Motion No.  001 001

Page 4 of 7

4 of 7

[* 4]

action." When considering a CPLR § 3211 motion to dismiss the court must "accept the facts as alleged in the [pleading] as true, accord [petitioner] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87–88 [1994]; *see also Taxi Tours Inc. v Go N.Y. Tours, Inc.*, 41 NY3d 991, 993 [2024]).

To support a prima facie case of age discrimination under the NYSHRL, petitioner must show (1) he was within the protected age group, (2) that he was qualified for the benefit, (3) that he experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination (*see Gorzynski v JetBlue Airways Corp.*, 596 F3d 93, 107 [2d Cir 2010]; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]).

Once the petition has established a prima facia case of discrimination and the respondent has presented admissible evidence supporting their decision, the burden shifts back to the petitioner to show the decision was made either with pretext or with mixed motive (*Hamburg v New York Univ. Sch. of Medicine*, 155 AD3d 66, 72 [1st Dept 2017]). While NYSHRL is limited to a pretext standard, the NYCHRL may be analyzed under either a pretext or mixed motive standard (*id.*). The mixed motive standard imposes a lesser burden on the petitioner, however in either case the petitioner must still allege sufficient facts to establish a prima facia case before the burden shifts to the respondent to show a nondiscriminatory reason for their decision (*id.*).

Dismissal pursuant to CPLR 3211(a)(7) is proper in age discrimination cases where petitioner has failed to successfully plead a cause of action (*see e.g. Murphy v Department of Educ. of the City of N.Y.*, 155 AD3d 637, 638 [2d Dept 2017] [affirming motion to dismiss age discrimination action where plaintiff failed to allege sufficient facts for cause of action]).

152739/2024 COLES, TOBY vs. THE CITY OF NEW YORK ET AL
Motion No. 001 001

Page 5 of 7

5 of 7

Applying this standard, Coles' allegation that he was discriminated against because of his age does not survive Respondent's motion to dismiss.

Coles cannot state a prima facia case of age discrimination because under the SPD, he does not qualify for the benefit. Even if this was in dispute, he has not alleged any facts supporting his position that he was treated differently from similarly situated persons on account of his age. Rather, petitioner claims are conclusory, to wit, that the only reason he could have been denied the ability to enroll in a Part D plan is due to his age, without accounting for the eligibility requirements that he fails to meet. Nor has petitioner claimed that the eligibility requirements themselves are discriminatory.

Allegations such as these are insufficient to support a claim for age discrimination under the NYSHRL (*see e.g. Williams v Victoria's Secret*, 2017 WL 1162908 at *7 [SD NY 2017] [petitioner must show how he was treated in relation to others based on age]). The result would be the same under NYCHRL, as his allegations are not sufficient to give rise to a prima facia claim (*see e.g. Benzinger v Lukoil Pan Americas, LLC*, 447 F Supp 3d 99, 123 [SD NY 2020] ["NYCHRL claim fails for the same reasons her NYSHRL claim does not state a prima facie case"]; *Williams*, 2017 WL 1162908 at *9 [stating that even under the more liberal standard of the NYCHRL petitioner must plead facts giving rise to an inference of age discrimination].

For the reasons above, the cross-motion to dismiss is granted.

**Conclusion**

Accordingly, it is hereby

ADJUDGED that the cross-motion to dismiss is granted, the petition is denied and this proceeding is dismissed.

**152739/2024  COLES, TOBY vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 001**

Page 6 of 7

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court.

_____10/8/2024_____
DATE

_____
LYNN R. KOTLER, J.S.C.

CHECK ONE:  [X] CASE DISPOSED  [ ] NON-FINAL DISPOSITION
            [X] GRANTED  [ ] DENIED  [ ] GRANTED IN PART  [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER  [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

152739/2024   COLES, TOBY vs. THE CITY OF NEW YORK ET AL
Motion No. 001 001

Page 7 of 7

7 of 7