■ In the Matter of JANET NOPPER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [635 NYS2d 723] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

Petitioner suffers from Moya Moya syndrome, a rare vascular disease that is characterized by blockage of the blood vessels leading to the brain. After leaving her employment as a clerk typist with the Albany County Department of Social Services, petitioner applied for ordinary disability retirement benefits. Her application was denied on the basis that she was

not permanently incapacitated from the performance of her duties. Petitioner asserts that this determination is not supported by substantial evidence in the record. We agree.

All of the doctors who testified concurred that petitioner suffers from Moya Moya disease. They further agreed that while petitioner exhibits a number of neurological symptoms such as fatigue, lack of concentration, headaches, tremors and seizures, she does not have a permanent neurological deficit. Due to the absence of any permanent neurological impediment, Neil Lava, the physician who testified on behalf of respondent New York State and Local Employees' Retirement System, opined that petitioner did not suffer a permanent disability that rendered her unable to perform her job duties. The other two physicians called by petitioner, however, stated that in their opinions the symptoms suffered by petitioner as a result of her Moya Moya disease were of such a nature that she could not perform the duties of a clerk typist in a uniform and consistent manner and, therefore, she was permanently incapacitated from the performance of her duties.

While respondent Comptroller has the discretion to evaluate conflicting medical testimony and accord greater weight to the testimony of one physician over another (*see, Matter of Flannery v McCall*, 219 AD2d 770; *Matter of Cannatella v New York State Employees' Retirement Sys.*, 217 AD2d 736), such testimony must be viewed in light of the record as a whole and has no greater probative force that the grounds upon which it is based (*see, Matter of Palermo v Gallucci & Sons*, 5 NY2d 529, 535; *Matter of Sica v New York State Employees' Retirement Sys.*, 75 AD2d 927, 929 [Mikoll, J., dissenting], *affd* 52 NY2d 941). In the case at hand, Lava's conclusion of no permanent disability cannot be reconciled with the evidence establishing that petitioner suffers from sporadic and repeated episodes of blurred vision, memory loss, fatigue, lack of concentration, headaches, tremors and seizures associated with her Moya Moya disease. Notwithstanding the lack of a neurological deficit, such symptoms, as indicated by the other physicians, would certainly render one unable to perform the duties of a clerk typist. To the extent respondent Comptroller found otherwise, his determination is not supported by substantial evidence and must be annulled.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.