■ In the Matter of ROBERT T. NICHOLSON, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, Respondent. [672 NYS2d 966] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for ordinary and accidental disability retirement benefits.

In August 1995, petitioner, then 66 years old, applied for ordinary and accidental disability retirement benefits, claiming disablement due to an automobile accident that occurred on February 22, 1995 while he was carrying out his duties as Chief Special Investigator with the Organized Crime Task Force. As a result of the accident, petitioner sustained, *inter alia*, two fractured vertebrae of the cervical spine, which he contends rendered him unable to perform many of his assigned tasks. His applications were initially disapproved, and following an administrative hearing at which both petitioner and the New York State and Local Employees' Retirement System presented expert medical testimony, the Hearing Officer determined that petitioner was not permanently incapacitated from the performance of his duties. Respondent upheld that finding and this CPLR article 78 proceeding ensued.

There is substantial evidence in this record to support respondent's determination that petitioner failed to sustain his burden of proving his entitlement to the benefits he seeks (*see, Matter of City of Schenectady v McCall*, 245 AD2d 708, 709). Notably, both medical experts agreed that petitioner's fractures had healed completely and that there was no resultant neurological damages. And although petitioner continues to complain of pain and an inability to move his neck, the cause and degree of his disability were the subject of conflicting expert testimony.

Petitioner's orthopedic surgeon, Richard Freemen, testified that petitioner's continuing limitations were caused by the accident and are totally disabling. He based these conclusions on the fact that a fracture of cervical vertebra includes soft tissue damage, the residual effects of which are consistent with petitioner's ongoing subjective complaints. Based on petitioner's apparent lack of improvement during his course of treatment, Freeman opined that petitioner's condition is permanent. The Retirement System's orthopedic surgeon, David Tucker, to whom petitioner's job description had been made available, examined and X-rayed petitioner. He found that petitioner's injuries had healed and that there was no evidence of soft tissue damage, dislocation or instability. Tucker opined that

petitioner's limitation of motion and attending pain were not caused or exacerbated by the accident, but instead were the product of longstanding arthritis in a different area of his spine that did not previously hinder his work performance. Tucker's testimony, which respondent was free to credit, furnished substantial evidence for respondent's determination (*see, Matter of Gallello v McCall*, 247 AD2d 693; *Matter of City of Schenectady v McCall, supra,* at 710-711).

Mercure, Crew III and Spain, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent. It is undisputed that petitioner suffers from substantial limitation of rotational and lateral movement of his neck and continuing pain. His physician has determined that this disability was caused by an auto accident in which his car overturned on an icy road and plunged down a 30-foot ravine. He was on duty as a Chief Special Investigator at the time. Petitioner sustained a broken neck involving fractures of C2 and a suspected fracture of the C3 vertebrae in his neck in the accident. The physician indicated that he could no longer perform his job, namely, high speed chases, strenuous physical activity, operating fire arms and use of surveillance cameras when his neck would have to be held in an awkward position.

The physician for the New York State and Local Employees' Retirement System, though not disputing that petitioner now suffers from significant limitation of his cervical spine, opined that it was not caused by the accident *but could be caused* (emphasis supplied) by arthritic changes in the C5 to C7 vertebrae region which preexisted the accident. He opined that since petitioner did his job before the accident with the C5 to C7 arthritic condition, he is not disabled from doing it now. This position is not supported by substantial evidence. The testimony of the Retirement System's expert was speculative and circuitous. He concluded that petitioner is not under a disability because the significant limitation of motion he has is a result of a degenerative disc disease in the vertebrae predating the accident. Since petitioner has undisputed significant limitation of his cervical spine, as found by both physicians and respondent, the attribution to a cause which predated the accident makes no significant difference on the question of whether petitioner suffered disability due to an accident. Whether his condition is attributable to the sequelae of a broken neck or whether he has a significant disability because of a preexisting disease which was not disabling prior to the accident, the accident is responsible for the ensuing disability in any event (*see, Matter of Sanchez v New York State & Local Police & Fire Retirement Sys.*, 208 AD2d 1027, 1028).

I would therefore annul respondent's determination and remit for further consideration in conformity with this decision. Adjudged that the determination is confirmed, without costs, and petition dismissed.