■ In the Matter of SUSAN SILVERHARDT, Petitioner, v STATE OF NEW YORK et al., Respondents. [703 NYS2d 555] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

In March 1996, petitioner, who was employed as a registered nurse at Rockland Children's Psychiatric Center in Rockland County, was attacked by a patient. Alleging that she was permanently disabled as the result of cervical injuries sustained in the attack, petitioner applied for accidental disability retirement benefits. Following a hearing at which petitioner offered no expert medical testimony and agreed to have the determination based on previously submitted medical records, respondent Comptroller concluded that petitioner was not permanently disabled from performing her work as a registered nurse. Petitioner commenced this CPLR article 78 proceeding to challenge that determination.

We reject petitioner's claim that the Comptroller relied on evidence not in the record, specifically the report of a "Dr. Katz". While the determination contains a reference to such a report, it is readily apparent from the entire context of the determination that the intended reference was to a report prepared by Harvey L. Seigel, an orthopedist who examined petitioner several times in 1996. An administrative agency has the authority to amend its own determination to correct an obvious clerical error (*see, Matter of National Tractor Trailer School v Commissioner of N. Y. State Dept. of Motor Vehicles*, 191 AD2d 961, *lv denied* 82 NY2d 657) and the Attorney General has submitted an amended determination in which the Comptroller corrected the obvious clerical error in this case.

We also reject petitioner's contention that the determination is not supported by substantial evidence. The report of Robert Hendler, an orthopedist who examined petitioner on behalf of respondent New York State and Local Employees' Retirement System in January 1998, concluded that petitioner has a cervical sprain and that she is able to return to her job as a

registered nurse. Seigel, who also diagnosed a cervical sprain, noted in a May 1996 report that petitioner "clearly has a hypochondriacal attitude toward her injuries" and recommended counseling along with physical therapy. The Comptroller specifically relied on the reports of these two physicians in denying petitioner's application.

Petitioner contends that the Comptroller erred in failing to credit the report of petitioner's treating physician, who concluded that petitioner was permanently totally disabled. It was clearly within the province of the Comptroller to resolve conflicts in medical opinion and to credit the opinion of the Retirement System's expert in resolving the conflict (*see, Matter of Tower v McCall*, 257 AD2d 973; *Matter of Orsini v McCall*, 221 AD2d 690). Although petitioner criticizes Hendler's opinion, it is not so lacking in foundation as to preclude the Comptroller from exercising the authority to evaluate conflicting medical opinions (*compare, Matter of Nopper v McCall*, 222 AD2d 884).

Cardona, P. J., Peters, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.