■ In the Matter of PAULINE HARPER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [715 NYS2d 494] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for ordinary and accidental disability retirement benefits.

Alleging that she has a permanently disabling neck condition, claimant, a school bus driver, filed applications for both ordinary and accidental disability retirement benefits. According to petitioner's treating physician, petitioner is permanently incapacitated from performing the duties of a school bus driver as a result of a degenerative arthritic condition in her neck which was asymptomatic prior to a 1994 work-related accident that aggravated the condition. The expert for the State and Local Employees' Retirement System testified that, while petitioner exhibited pain and discomfort when he examined her in 1997, he could find no objective evidence of neurological

disease or injury which would cause her subjective symptoms, and he concluded that petitioner could perform the duties of a school bus driver. Concluding that petitioner was not disabled, respondent denied her applications and petitioner commenced this CPLR article 78 proceeding to review the determination.

We reject petitioner's contention that respondent erred in relying on the opinion of the Retirement System's expert instead of her treating physician's opinion. It is well settled that respondent has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another (*see, e.g., Matter of Tower v McCall*, 257 AD2d 973, 974). Although respondent's authority is limited by the principle that expert medical testimony "must be viewed in light of the record as a whole and has no greater probative force tha[n] the grounds upon which it is based" (*Matter of Nopper v McCall*, 222 AD2d 884, 885), an expert opinion based on a review of medical records and a physical examination is generally credible evidence upon which respondent may rely (*see, Matter of Kavakos v McCall*, 251 AD2d 857, 858, *lv denied* 92 NY2d 812). What is required is an articulated, rational and fact-based medical opinion (*see, Matter of Meyer v Board of Trustees*, 90 NY2d 139, 147-148). When such an opinion is offered, inconsistencies or other alleged deficiencies in the expert's testimony present questions of credibility for the administrative fact finder to resolve (*see generally, Matter of Kinard v Battle Verzeni Constr. Co.*, 160 AD2d 1208).

In this case, the Retirement System's expert reviewed petitioner's medical records, which included X rays and the results of an MRI, and conducted a neurological examination of petitioner. He articulated an opinion of no permanent disability which is rationally based on his findings from the review of medical records and the neurological examination. Despite petitioner's criticisms, the expert's opinion is not so lacking in foundation or rationality as to preclude respondent from exercising the authority to evaluate conflicting medical opinions (*compare, Matter of Nicholson v McCall*, 250 AD2d 994; *Matter of City of Schenectady v McCall*, 245 AD2d 708, *with Matter of Principe v McCall*, 255 AD2d 853, 855-856; *see, Matter of Silverhardt v State of New York*, 269 AD2d 652, 653).

Cardona, P. J., Peters, Graffeo and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.