■ In the Matter of VINCENT FULLONE, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES RETIREMENT SYSTEMS,

Respondent. [731 NYS2d 89] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

In November 1992, petitioner, a correction officer, applied for accidental disability retirement benefits based upon neck and back injuries sustained in a work-related motor vehicle accident in November 1991. Upon finding that petitioner was not incapacitated from the performance of his duties as a correction officer, the Comptroller denied the application. In this CPLR article 78 proceeding to review the determination, petitioner contends that the testimony of respondent's expert was insufficient to provide the necessary substantial evidence to support the determination.

Where, as here, respondent's expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports, the expert's opinion generally will not be considered so lacking in foundation or rationality as to preclude the Comptroller from exercising the authority to evaluate conflicting medical opinion (*see, Matter of Harper v McCall*, 277 AD2d 589). The expert acknowledged that the accident may have aggravated petitioner's preexisting and apparently asymptomatic degenerative cervical condition and that relevant medical reports documented disc herniation and radiculopathy. Nevertheless, the expert explained that the extent to which these conditions impaired petitioner could not be determined without considering the results of a physical or neurological examination which, in this case, was essentially negative other than revealing some minor limitation of motion in petitioner's neck. Accordingly, the expert found no neurological disturbance or disorder and concluded that petitioner was not incapacitated from performing the duties of a correction officer. Petitioner's criticisms of the expert's opinion are based on the type of alleged deficiencies that presented a question of credibility for the Comptroller to resolve (*compare, id., with Matter of Nopper v McCall*, 222 AD2d 884; *see, Matter of Silverhardt v State of New York*, 269 AD2d 652). Our review of the record discloses no basis to disturb the Comptroller's determination and, therefore, it must be confirmed.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.