■ In the Matter of LINDA GAGNON, Petitioner, v H. CARL McCALL, as New York State Comptroller, Respondent. [734 NYS2d 692] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for ordinary and accidental disability retirement benefits.

In support of her applications for ordinary and accidental disability retirement benefits, petitioner presented the testimony of a neurologist who opined that petitioner was incapacitated for the performance of her duties as a staff development specialist as a result of shoulder conditions, which the expert diagnosed as reflex sympathetic dystrophy and frozen shoulder. The record also includes the reports of two other medical experts which are consistent with the neurologist's opinion. The orthopedic surgeon who examined petitioner at the request of the State Police and Fire Retirement System rejected the diagnosis of reflex sympathetic dystrophy based upon the absence of common clinical signs of that condition, such as temperature changes, color changes and changes in the sweating pattern in the skin in the affected area. The Retirement System's expert also found that certain of petitioner's symptoms could not be explained by any known pathology and that the absence of significant muscle atrophy was incon-

sistent with the very limited voluntary motion of the shoulder exhibited by petitioner.*

With regard to the frozen shoulder diagnosis, the Retirement System's expert noted the absence of objective evidence and also noted that the report of an arthroscopy of petitioner's shoulder revealed no abnormalities that would necessarily cause such a condition. When asked for an opinion based upon the examination of petitioner regarding petitioner's ability to perform her duties as a staff development specialist, the expert testified that "there was a safe relatively simple procedure which would answer that question and in the event that there was pathology, would correct that pathology and so at that time, I did not feel that she was permanently disabled." Based upon this expert's findings and opinion, respondent denied petitioner's applications.

Relying on the testimony of the Retirement System's expert regarding the existence of a diagnostic test that would remove any doubt about petitioner's shoulder condition, petitioner contends that the expert actually was unable to form an opinion, without that diagnostic test, on the issue of whether petitioner was disabled. Thus, according to petitioner, the only medical opinion on the issue was that of her experts. We disagree. A reading of the entire testimony of the Retirement System's expert, as well as her reports, demonstrates her disagreement with petitioner's experts and her opinion, based largely on the absence of the type of objective clinical findings which would be consistent with petitioner's complaints of pain and restricted motion, that petitioner was not disabled. The expert's opinion, based upon an examination of petitioner and review of relevant medical records, was sufficient to permit respondent to exercise the authority to evaluate conflicting medical opinion (see, Matter of Harper v McCall, 277 AD2d 589). Any inconsistency in the expert's opinion created by the testimony relied on by petitioner presented a question of credibility for respondent to resolve (compare, id., with Matter of Nopper v McCall, 222 AD2d 884; see, Matter of Silverhardt v State of New York, 269 AD2d 652).

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Significantly, the Retirement System's expert testified that upon her second examination of petitioner she sat and stood with her head tilted 30 degrees to the right which was unexplainable anatomically. Continuing to observe petitioner after she left the examination, such expert noted petitioner's return of her head to an upright midline position as she proceeded further away from the office.