■ In the Matter of TED C. LINDEN, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES RETIREMENT SYSTEM et al., Respondents. [736 NYS2d 169] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, a teacher at a secure facility for male youths who had been found guilty of serious crimes, filed an application for disability retirement benefits based upon an incapacity caused by a psychiatric condition triggered by an incident at work, which he described as a "near riot" in his classroom. Upon finding that petitioner was not incapacitated for the performance of his duties, respondent Comptroller denied the application. Petitioner commenced this CPLR article 78 proceeding to review the determination.

The expert for respondent State and Local Employees Retirement System, who examined petitioner twice, diagnosed petitioner with major depression in remission and probable personality disorder. The expert concluded that, although petitioner had improved considerably between the time of the incident and the first examination and was capable of functioning as a teacher in other settings, he was then "not quite ready" to return to teaching in a secure facility. After the second examination more than a year later, however, the expert

concluded that the improvement in petitioner's condition had continued and that he could return to teaching in a secure facility. Where, as here, the Retirement System's expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records, the expert's opinion generally will not be considered so lacking in foundation or rationality as to preclude the Comptroller from exercising the authority to evaluate conflicting medical opinion (*see, Matter of Harper v McCall*, 277 AD2d 589). Petitioner's criticisms of the expert's opinion are based on the type of alleged deficiencies that presented a question of credibility for the Comptroller to resolve (*compare, id., with Matter of Nopper v McCall*, 222 AD2d 884; *see, Matter of Silverhardt v State of New York*, 269 AD2d 652). Accordingly, despite the existence of expert medical opinion contrary to that of the Retirement System's expert, there is no basis to disturb the determination.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.