In the Matter of RAEA V. JOHNSON, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [782 NYS2d 141]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for disability retirement benefits, accidental disability retirement benefits and performance of duty disability retirement benefits.

Petitioner, a correction officer, was injured on December 5, 1999 when she was locking down one of the cellblocks and the brake bar jammed. She worked a few days after the incident, but stopped working on December 9, 1999. Thereafter, she filed applications for accidental disability retirement benefits, disability retirement benefits and performance of duty disability retirement benefits under Retirement and Social Security Law §§ 507, 507-a and 507-b, respectively. Following the initial disapproval of these applications, petitioner requested a hearing and redetermination. The Hearing Officer denied the applications, finding that petitioner's injury was not caused by an inmate, the incident did not constitute an accident within the meaning of the Retirement and Social Security Law and petitioner was not permanently incapacitated from performing the duties of a correction officer. Respondent adopted the Hearing Officer's findings, resulting in this CPLR article 78 proceeding.

We confirm. In order to demonstrate her entitlement to disability retirement benefits under all of the provisions of the Retirement and Social Security Law covered by her applications, petitioner was required to show that she was permanently incapacitated from performing her duties (see Retirement and Social Security Law §§ 507, 507-a, 507-b; Matter of Wawrzynek v New York State & Local Retirement Sys., 291 AD2d 627, 628 [2002]; Matter of Greenway v New York State & Local Employees' Retirement Sys., 274 AD2d 662, 662 [2000], lv dismissed 95 NY2d 917 [2000]). Based upon our review of the instant record, we find that petitioner has not made such a showing. Although the medical reports and records submitted by petitioner's treating physicians disclose that petitioner suffered from bilateral cervical radiculopathy, degenerative disc disease and a mild disc bulge at C-6, none of these physicians provided an appropriate medical opinion that such conditions rendered petitioner permanently disabled from performing the duties of a correction officer. Moreover, the Retirement System's expert, who reviewed the diagnostic tests administered by the other physicians and conducted his own physical examination of petitioner, testified that he did not believe that petitioner was permanently incapacitated from performing the duties of a correction officer. He based his opinion on the absence of a clinical correlation between certain test results and his physical examination of petitioner, as well as the lack of positive objective findings of disability derived from his own orthopedic and neurologic examinations. Inasmuch as respondent's determination is supported by the "articulated, rational and fact-based medical opinion" provided by the Retirement System's expert (Matter of Harper v McCall, 277 AD2d 589, 590 [2000]), we decline to disturb it.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.