■ In the Matter of RONALD D. STERN, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [783 NYS2d 889]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner worked as a police officer and a paramedic for approximately 25 years. On May 18, 1993, he was involved in an automobile accident when the brakes failed on an emergency services truck he was driving and he struck a pole and building. As a result of this accident, he sustained injuries to his neck, back and knees. Thereafter, during the course of his duties, he reinjured his back on a number of occasions. On January 29, 2001, he reinjured his neck and back again while extricating a person who was trapped in an overturned truck. He stopped working in February 2003 when he began receiving performance of duty disability retirement payments. His application for accidental disability retirement benefits, however, was denied following a hearing and the determination was adopted by respondent. This CPLR article 78 proceeding ensued.

Based upon our review of the record, we find that substantial evidence supports the denial of petitioner's application on the

basis that he was not incapacitated from the performance of his duties as the result of an accident occurring during the course of his employment. Conflicting medical evidence was presented concerning the cause of petitioner's disability, with one physician opining that it was due to preexisting degenerative changes and the aging process as well as a number of reinjuries occurring after May 18, 1993, including the incident of January 29, 2001, which the parties conceded was not an accident. Respondent was free to credit this medical opinion over that of the other medical experts (*see Matter of Clemons v McCall*, 274 AD2d 654, 655 [2000]; *Matter of Tower v McCall*, 257 AD2d 973, 974 [1999]). Accordingly, we decline to disturb the determination.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.