■ In the Matter of EDWARD G. MACARI, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, et al., Respondents. [793 NYS2d 287]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for disability retirement benefits and performance of duty disability retirement benefits.

Petitioner, a correction officer, was injured on April 4, 2001 when a large garbage bin that was being pushed by an inmate crashed into him. Thereafter, he filed applications for accidental disability retirement benefits, disability retirement benefits and performance of duty disability retirement benefits under Retirement and Social Security Law §§ 507, 507-a and 507-b, respec-

tively. Although petitioner's application for accidental disability retirement benefits was approved, his applications for disability retirement benefits and performance of duty disability retirement benefits were denied. Petitioner requested a hearing and redetermination with respect to those applications. The Hearing Officer denied the applications, finding that petitioner was not permanently incapacitated from performing the duties of a correction officer. Respondent Comptroller adopted the Hearing Officer's findings, resulting in this CPLR article 78 proceeding.

We confirm. It was petitioner's burden to show that he was permanently incapacitated from performing his duties as a correction officer to establish entitlement to disability retirement benefits under Retirement and Social Security Law §§ 507-a and 507-b (*see Matter of Johnson v Hevesi*, 10 AD3d 835, 836 [2004]). Here, petitioner's treating physician opined that petitioner suffered a permanent disability as a result of cervical disc disease, cervical disc herniation, cervical muscle spasm and bilateral carpal tunnel syndrome. To the contrary, the expert from respondent New York State and Local Employees' Retirement System testified that, after reviewing various medical reports prepared by petitioner's other physicians and conducting his own orthopedic physical examination of petitioner, petitioner was not disabled nor permanently incapacitated as a result of his neck and lower back problems. He also testified that any problems relating to bilateral carpal tunnel syndrome could be treated safely and effectively. Insofar as the Comptroller was free to credit the "articulated, rational and fact-based medical opinion" of the Retirement System's expert over that of petitioner's treating physician (*Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]), and considering that the determination is supported by substantial evidence, we will not disturb it (*see Matter of Stern v Hevesi*, 12 AD3d 831, 832 [2004]; *Matter of Dann v McCall*, 300 AD2d 790, 791 [2002], *lv dismissed* 100 NY2d 553 [2003]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.