In the Matter of PATRICIA M. ZYDOR, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [805 NYS2d 690]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

On May 2, 1996, petitioner, a deputy sheriff, participated in a training exercise designed to teach officers how to respond to domestic violence disputes. During this exercise, a fellow officer allegedly picked up petitioner and threw her to the ground, causing her to strike her tailbone and head, following which the officer purportedly jumped on petitioner, twisted her body and "mushed" her face into the concrete floor before handcuffing her. As a result of this incident, petitioner stated that she experienced substantial pain throughout her body, including her neck, back and legs. Although petitioner sought treatment at a walk-in urgent care center two days later, she did not miss any time from work as a result of this incident.

Thereafter, on July 8, 1997, while on duty, petitioner opened the trunk of her patrol vehicle to retrieve some paperwork when the trunk lid allegedly closed unexpectedly, striking her in the

head. Petitioner sought medical treatment two days later and was absent from work until September 1997, at which point she returned to a light-duty assignment. Petitioner then alternated between light-duty assignments and total disability until her last day of work on August 14, 2001.

In the interim, in or about November 1999, petitioner incorrectly applied for police and fire performance of duty disability retirement benefits, and her application subsequently was construed as one for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law article 14-B. Such application was denied in December 2002, and petitioner requested a hearing and redetermination. Following that hearing, at which petitioner appeared and testified and various medical records were received in evidence, the Hearing Officer denied the application, finding that petitioner's account of the underlying incidents was not credible and, further, that her conceded disability was not the natural and proximate result of such incidents. Respondent Comptroller upheld the Hearing Officer's determination, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the Comptroller's determination.

Although petitioner devotes nearly all of her brief to arguing that the medical evidence adduced at the hearing overwhelmingly substantiates her application for benefits, such argument ignores the fact that neither the Hearing Officer nor the Comptroller addressed the sufficiency of petitioner's medical proof. Rather, the Hearing Officer found "glaring contradiction[s]" in petitioner's testimony regarding the May 1996 and July 1997 incidents, thereby calling into question her credibility and the manner in which her alleged injuries and/or disability occurred. Stated another way, the Hearing Officer simply did not believe petitioner's account of the incidents in question or, it would appear, her testimony regarding the alleged severity of her injuries, and the Comptroller agreed with the Hearing Officer's assessment in this regard.

Unquestionably, the evaluation of witness credibility lies within the exclusive province of the Comptroller (see *Matter of Mirrer v Hevesi*, 4 AD3d 722, 723 [2004]). Even if we were to discount the contradiction in petitioner's proof regarding the number of officers that allegedly jumped on her during the May 1996 training incident and overlook petitioner's admission that subsequent testing of the trunk lid involved in the July 1997 incident revealed no evidence of any malfunction, we nonetheless are left with the noted inconsistencies between the severity of the injuries claimed and the medical treatment initially

sought therefor. As the Hearing Officer observed, although petitioner purportedly experienced great pain following the May 1996 incident, which petitioner, in turn, testified made it difficult for her to drive and/or alight from her patrol vehicle, she did not receive any medical treatment (save the initial walk-in clinic visit) or miss any time from work between the May 1996 and July 1997 incidents. With regard to this latter incident, although petitioner testified that she nearly lost consciousness after being struck in the head with the trunk lid, she did not seek medical treatment until two days later. Under such circumstances, we cannot say that the Comptroller erred in resolving the credibility determination against petitioner. As the Comptroller's determination in this regard is supported by substantial evidence in the record as a whole, it is confirmed. In light of such holding, we need not reach the remaining issues raised by petitioner, except to note that we are unable to discern any evidence of hearing officer bias.

Peters, Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.