■ In the Matter of FREDERICK C. ZINDELL III, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [811 NYS2d 229]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for disability retirement benefits and performance of duty disability retirement benefits.

Petitioner, a correction officer at Coxsackie Correctional Facility in Greene County, sustained injuries to his left knee when, during one incident, he attempted to subdue combative inmates and, at another incident, he fell on a flight of stairs while responding to a call. He applied for and was subsequently denied disability retirement benefits and performance of duty disability retirement benefits under Retirement and Social Security Law §§ 507-a and 507-b because he was not permanently incapacitated from performing his duties. This CPLR article 78 proceeding ensued. We now confirm.

In order to establish entitlement to retirement benefits, petitioner was required to demonstrate that he was permanently incapacitated from engaging in his duties as a correction officer (*see Matter of Macari v Hevesi,* 17 AD3d 911, 912 [2005]; *Matter of Johnson v Hevesi,* 10 AD3d 835, 836 [2004]). Petitioner offered medical reports from three physicians that his left knee injury totally and permanently disabled him from performing his job functions. However, contrary evidence was presented in the form of a report from an orthopedist who evaluated petitioner and reviewed his medical history at the request of respondent New York State and Local Retirement System. In this report, the orthopedist opined that, although petitioner did suffer cartilage damage in his left knee, he was not permanently incapacitated because the injury was not of sufficient magnitude to preclude him from performing all of the duties of a correction officer. He also opined that petitioner's symptoms could be relieved through exercise, the use of a stabilizing knee brace and/or possible surgery. As respondent Comptroller is authorized to resolve conflicts in medical opinions and to credit the opinion of one expert over another (*see Matter of Hoehn v Hevesi,* 14 AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005]; *Matter of Davenport v McCall,* 5 AD3d 850, 851 [2004]), we find that the orthopedist's report constituted substantial evidence to support the Comptroller's determination. Petitioner's remain-

ing contention that this report lacked an appropriate foundation is rejected.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.