■ In the Matter of JOANNE M. SCHINE, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [836 NYS2d 383]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner, a certified nurse's aide, applied for disability retirement benefits in June 2003 based on an alleged permanent disability stemming from a shoulder injury she sustained in 1997 while lifting a patient during her employment at a nursing home in Cattaraugus County. The New York State and Local Employees' Retirement System disapproved the application, finding

that petitioner was not permanently incapacitated for the performance of her duties. At the subsequent hearing requested by petitioner, she proceeded on the basis of her own testimony and medical records in lieu of expert testimony. She testified that despite rotator cuff surgery in 2000, physical therapy and prescribed medications, she was unable to consistently resume her full duties. The medical records she introduced into evidence included medical opinions that she was permanently disabled from performing the duties of a nurse's aide. On behalf of the Retirement System, a board certified orthopedic surgeon testified that, based on his examination of petitioner and his review of relevant medical records, petitioner could perform all the duties of a nurse's aide. The Hearing Officer considered the conflicting evidence and concluded that petitioner was not permanently disabled at the time of her application. Respondent thereafter issued a final decision denying petitioner's application, and this CPLR article 78 petition followed.

Petitioner contends that respondent's determination was not supported by substantial evidence because (1) the doctor who testified on behalf of the Retirement System admitted that he did not view certain X rays or MRIs and did not perform certain lifting tests, (2) the determination failed to consider a revised medical opinion by a doctor who examined her in 2002, and (3) the determination was based on three medical examinations in 2003 which were not in the record. However, the record shows that the testifying doctor reviewed an MRI report and that he performed strength tests on petitioner's shoulders. Although the Hearing Officer did not specifically mention the revised medical opinion, it was included in the record and, in any event, stated that petitioner was temporarily partially disabled and could return to her duties with restrictions until her disability resolved. Finally, the three 2003 medical examinations are included in the record; the Hearing Officer's report merely used the wrong doctor's name in describing them.

"It is well settled that respondent has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another" (*Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]; *see Matter of Collins v New York State & Local Retirement Sys.*, 5 AD3d 817, 818 [2004]). "[A]n expert opinion based on a review of medical records and a physical examination is generally credible evidence upon which respondent may rely," especially when the opinion, as in this case, is "an articulated, rational and fact-based medical opinion" (*Matter of Harper v McCall, supra* at 590; *see Matter of Macari v Hevesi*, 17 AD3d 911, 912 [2005]). Any deficiencies in the expert's

opinion alleged by petitioner presented questions of credibility to be resolved by respondent (see *Matter of Swack v Hevesi*, 30 AD3d 853, 854 [2006]). As substantial evidence supports respondent's determination, it must be upheld (see *id.* at 855; *Matter of Capparella v McCall*, 7 AD3d 875, 876 [2004]).

Peters, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.