■ In the Matter of ROCHELLE DAVIDSON, Petitioner, v ALAN HEVESI, as Comptroller of the State of New York, et al., Respondents. [840 NYS2d 499]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

While working as a calculations clerk at a psychiatric center in July 1999, petitioner slipped and fell, allegedly sustaining injuries. Petitioner did not return to work thereafter and she was removed from the payroll in July 2000. In the interim, petitioner applied for, among other things, ordinary disability retirement benefits. Following disapproval of her application by respondent New York State and Local Retirement System, hearings were conducted, at the conclusion of which a Hearing Officer determined, among other things, that petitioner was not permanently incapacitated from performing the duties of her job and denied her ordinary disability retirement benefits. Respondent Comptroller (hereinafter respondent) accepted the Hearing Officer's findings and determination, prompting this CPLR article 78 proceeding.

Respondent's determination regarding retirement benefits will be upheld if supported by substantial evidence, even when evidence supporting a contrary result exists in the record (*see Matter of Swack v Hevesi*, 30 AD3d 853, 855 [2006]). Moreover, " '[i]t is well settled that respondent has the authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another' " (*Matter of Schine v Hevesi*, 40

AD3d 1362, 1363 [2007], quoting *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]). Notably, the burden of proof is on petitioner to demonstrate the actual duties of her job and that she is permanently incapacitated from performing them (*see Matter of Swack v Hevesi, supra* at 854).

Here, Richard Goodman, a board-certified orthopedic surgeon, examined petitioner on behalf of the Retirement System. Based upon that examination and a review of petitioner's medical records and job description, Goodman opined that she was able to perform the duties of her job at the time that she filed her claim. Petitioner argues that respondent erred in accepting only that portion of Goodman's testimony that concluded that she was not permanently incapacitated from performing the duties set forth in her job description, while rejecting that portion of his testimony that concluded that she was permanently incapacitated based upon her assertion that she occasionally had to traverse stairs and file papers. We disagree. Respondent was free to disregard petitioner's self-serving testimony regarding her actual job duties (*see Matter of Zydor v New York State & Local Employees' Retirement Sys.*, 24 AD3d 924, 925 [2005]), and to credit the submitted job description and, by extension, the opinion of the expert based thereon (*see Matter of DeCarolis v McCall*, 272 AD2d 824, 825 [2000]; *Matter of Nicholson v McCall*, 250 AD2d 994, 994-995 [1998]; *Matter of Field v Regan*, 90 AD2d 580, 580 [1982], *lv denied* 58 NY2d 608 [1983]; *see also Matter of Mickens v New York State Employees' Retirement Sys.*, 173 AD2d 1079, 1079 [1991]). In light of Goodman's "articulated, rational and fact-based opinion [which was] founded upon a physical examination and review of [the] relevant medical reports and records," respondent's determination that petitioner did not meet her burden is supported by substantial evidence and we must confirm (*Matter of Buczynski v New York State & Local Empls. Retirement Sys.*, 291 AD2d 630, 630 [2002]; *see Matter of Swack v Hevesi, supra* at 854-855).

Spain, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.