■ In the Matter of PETER P. HARKO, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [847 NYS2d 778]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits, accidental disability retirement benefits and performance of duty disability retirement benefits.

In January 2003, petitioner, a correction officer with the Department of Correctional Services for over 21 years, applied for accidental disability retirement benefits, ordinary disability retirement benefits and correction officer performance of duty disability retirement benefits under Retirement and Social Security Law §§ 507, 507-a and 507-b, alleging that during his employment he was involved in numerous violent and traumatic incidents with inmates which caused him to suffer from posttraumatic stress disorder, thereby making him permanently incapacitated to continue in the performance of his duties. Following the initial disapproval of these applications, petitioner requested a hearing and redetermination. The Hearing Officer denied the applications, finding that only five of the numerous incidents constituted accidents within the meaning of the Retirement and Social Security Law, that petitioner's posttraumatic stress disorder was not the natural and proximate result of those incidents and that he was not permanently incapacitated from performing the duties of a correction officer. After respondent Comptroller adopted the Hearing Officer's findings, this CPLR article 78 proceeding ensued.

Petitioner must establish his entitlement to disability retirement benefits under each of the provisions of the Retirement and Social Security Law for which he applied (see Retirement and Social Security Law §§ 507, 507-a, 507-b; *Matter of Macari v Hevesi*, 17 AD3d 911, 912 [2005]; *Matter of Johnson v Hevesi*, 10 AD3d 835, 836 [2004]). Petitioner's treating psychologist, Stephen Rubin, testified that he first treated petitioner in January 2002. Categorizing him as being "on the verge of a nervous breakdown," Rubin opined that based upon petitioner's symptoms, which included anxiety, restlessness, anger and irritability, he suffered from posttraumatic stress disorder as a

result of numerous incidents with inmates. Rubin further opined that the disorder was triggered by petitioner's potential transfer to a maximum security correctional facility. For these reasons, Rubin advised petitioner not to return to work, and opined that petitioner is unable to perform any type of gainful employment in a correctional facility.

Ron Wolner, a psychiatrist who testified on behalf of respondent New York State and Local Retirement Systems, examined petitioner in October 2003. He found petitioner's posttraumatic stress disorder symptoms "markedly diminished" and, while he ultimately diagnosed petitioner with that disorder, it was predicated upon petitioner's prior severe alcohol abuse. While Wolner agreed that petitioner suffered from significant psychiatric difficulties at the time of his initial diagnosis, he opined that petitioner was not now suffering from a serious psychiatric disorder that would prevent him from returning to work as a correction officer and, therefore, he was not permanently incapacitated. Wolner explained his disagreement with the opinions of Rubin and a second psychiatrist, Lisa Norelli, who did not testify at the hearing.

In so far as the Comptroller " 'has the authority to resolve conflicts in medical opinion and . . . credit the testimony of one expert over that of another' " (*Matter of Schine v Hevesi*, 40 AD3d 1362, 1363 [2007], quoting *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]; *see Matter of Macari v Hevesi*, 17 AD3d at 912), we find that since Wolner's opinion was "articulated, rational and fact-based" (*Matter of Harper v McCall*, 277 AD2d at 590), after his review of petitioner's medical records and a physical examination (*see id.*), we are constrained to confirm the determination as supported by substantial evidence.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.