■ In the Matter of MICHAEL CAVALIERI, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [861 NYS2d 232]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

On August 13, 1999, petitioner, a correction officer, was frisking an inmate when he felt a sharp pain in his back. He thereafter missed a considerable period of time from work as a result of this injury. On January 19, 2002, having returned to work on light-duty status, he fell on a flight of stairs and reportedly injured his neck. In November 2002, petitioner applied for and was subsequently denied disability retirement benefits under Retirement and Social Security Law § 507-a because he was not permanently incapacitated from performing his duties.* This CPLR article 78 proceeding ensued. We now confirm.

"In order to establish entitlement to retirement benefits, petitioner was required to demonstrate that he was permanently incapacitated from engaging in his duties as a correction officer" (*Matter of Zindell v Hevesi*, 27 AD3d 996, 997 [2006]; *see Matter of Macari v Hevesi*, 17 AD3d 911, 912 [2005]; *Matter of Johnson v Hevesi*, 10 AD3d 835, 836 [2004]). Here, petitioner argues that respondent failed to properly consider, weigh and evaluate the credible evidence in determining whether he was permanently incapacitated from the performance of his duties. We are unpersuaded.

To be sure, an orthopedic and spinal surgeon who had been treating petitioner since March 2001 testified that his 1999 back injury was a competent producing cause of lower extremity weakness and instability and that this injury totally and permanently disabled him from performing his job functions. Contrary testimony, however, was presented from a neurologist who evaluated petitioner and reviewed his medical history at respondent's request. This neurologist opined that there were no objective findings to substantiate petitioner's continuing complaints and that petitioner did not have a permanent disability which incapacitated him from performing his job functions. While the neurologist acknowledged that petitioner does have herniated disks, he opined that they were not causing clinical symptoms and were age-related.

Respondent credited the testimony of this neurologist over

---

* While petitioner also applied for performance of duty disability retirement benefits at this time, the denial of this application is not now being challenged.

that of petitioner's treating orthopedic surgeon, as was its province (see Matter of Zindell v Hevesi, supra; Matter of Macari v Hevesi, supra; Matter of Johnson v Hevesi, supra). The primary reason behind this credibility determination was evidence that petitioner was not forthright with his treating physician about back pain predating the 1999 injury, hence calling into doubt the reliability of this physician's diagnosis and opinions. Notably, the record does reveal that petitioner was not totally candid about relevant medical history. To this end, his treating physician readily acknowledged during direct examination that he attributed petitioner's lower back problems to the 1999 injury "for the simple reason" that petitioner denied any prior back injuries. This treating physician later reconfirmed on cross-examination that his diagnosis was based in part on petitioner's reported medical history.

Since the "articulated, rational and fact-based medical opinion" (Matter of Macari v Hevesi, 17 AD3d at 912 [internal quotation marks and citation omitted]) of respondent's expert constituted substantial evidence to support the determination, we will not disturb it (see id.; Matter of Johnson v Hevesi, supra).

Cardona, P.J., Peters, Spain and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.