■ In the Matter of JAMES E. JOHNSON, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [863 NYS2d 529]—

Spain, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, a mental health therapy aide, filed an application for disability retirement benefits in April 2003 contending that he was permanently disabled following an August 2001 incident wherein a patient fell to the ground and pulled on petitioner's left arm.* Following disapproval of his application by respondent, petitioner requested a hearing and redetermination, at the conclusion of which a Hearing Officer found that petitioner failed to establish that he was permanently incapacitated from the performance of his duties. The Comptroller accepted those findings, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination.

As the applicant, petitioner bore the burden of establishing that he is permanently incapacitated from the performance of his duties as a mental health therapy aide (*see Matter of Mainzer v DiNapoli*, 52 AD3d 1167 [2008]; *Matter of Davidson v Hevesi*, 43 AD3d 589, 590 [2007]). In this regard, petitioner testified that the limited range of motion in his neck and left shoulder

---

* Respondent conceded that this incident constituted an accident within the meaning of the Retirement and Social Security Law.

precludes him from adequately performing his job, which includes the restraint of and responding to attacks by mentally unstable patients. Petitioner also offered the testimony of his treating physician, John Clark, who diagnosed petitioner as suffering from cervical spondylosis and cervical disc disease. Clark described the decreased range of motion in petitioner's neck as moderate to severe and opined that this condition, which was causally related to the accident, was permanently disabling and rendered petitioner unfit to perform his duties. Timothy Collard, the board-certified orthopedic surgeon who evaluated petitioner on behalf of respondent in November 2003, disagreed. Collard acknowledged that petitioner suffered from cervical spondylosis and had a mild to moderate decrease in range of motion relative to his neck, but opined that such condition did not render petitioner permanently disabled from performing his job duties.

The Comptroller is vested with the exclusive authority to weigh the testimony offered by medical experts and to credit the opinion of one expert over that of another (*see Matter of Varriano v Hevesi*, 40 AD3d 1357, 1359 [2007], *lv denied* 9 NY3d 815 [2007]). Contrary to petitioner's argument, Collard's testimony, taken as a whole, is not inconsistent. Indeed, Collard's opinion—based upon his physical examination and a review of petitioner's medical records—provides competent evidence to support the Comptroller's determination (*see Matter of Sweeney v Hevesi*, 50 AD3d 1366, 1367 [2008]; *Matter of Quigley v Hevesi*, 48 AD3d 1023, 1025 [2008]).

Lahtinen, Kane, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.