Stein, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s applications for accidental and performance of duty disability retirement benefits.
Petitioner was first employed in 1984 as a police officer for the Town of Harrison Police Department in Westchester County. In 2004, he filed applications for accidental and performance of duty disability retirement benefits alleging that he was permanently incapacitated from performing his employment duties due to work-related injuries he suffered to his back after slipping and falling on ice in January 1994. Respondent initially disapproved the applications, prompting petitioner to request a hearing and redetermination. Following the hearing, the Hearing Officer denied the applications, finding that petitioner had not proven that his permanent disability was the natural and proximate result of his 1994 fall. Respondent thereafter adopted the Hearing Officer’s findings and this CPLR article 78 proceeding ensued.
Based upon our review of the record, we find that substantial evidence supports respondent’s denial of the applications. Specifically, the medical expert for the New York State and Local Retirement System, Leon Sultan, testified that his examination of petitioner and review of the medical records indicated *937 that petitioner was permanently disabled due to a degenerative disc disease that preexisted the 1994 fall. Sultan opined that the herniated discs which led to petitioner’s permanent disability were caused by the natural progression of the degenerative disease and were not traumatically produced. Although petitioner presented evidence, in the form of medical reports from physicians who have treated him in the years following his fall, that causally relates his disability to that event, “[i]t is well established that [respondent] is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one expert over another” (Matter of Rolandelli v Hevesi, 27 AD3d 945, 946 [2006]; see Matter of Harko v New York State Comptroller, 46 AD3d 1185, 1187 [2007]). As Sultan presented an “articulated, rational and fact-based medical opinion” (Matter of Harper v McCall, 277 AD2d 589, 590 [2000]), we will not disturb respondent’s determination.
Cardona, EJ., Spain, Carpinello and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.