█ In the Matter of LORETTA M. COLLINS, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, Respondent. [869 NYS2d 641]—

Kavanagh, J.

Petitioner applied for accidental and performance of duty disability retirement benefits after she, while descending a staircase in the course of her employment as a police officer and police sergeant, fell and suffered injuries to her neck, back, left shoulder, left knee and left foot. A Hearing Officer denied petitioner's applications, concluding that her fall did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and that she had failed to prove that she was permanently incapacitated from performing her duties (*see* Retirement and Social Security Law § 363-c). After respondent Comptroller affirmed the Hearing Officer's findings, petitioner commenced this CPLR article 78 proceeding.

We confirm. Our review of the Comptroller's determination is limited to ascertaining whether it is supported by substantial evidence (*see Matter of Varriano v Hevesi*, 40 AD3d 1357, 1359 [2007], *lv denied* 9 NY3d 815 [2007]; *Matter of Esposito v Hevesi*, 30 AD3d 667, 667 [2006]; *Matter of Kosilla v Hevesi*, 25 AD3d 870, 871 [2006]). Petitioner alleged that on the morning of

October 5, 2003, while descending a staircase leading to the first floor lobby of the police station, she stepped into a depression on the fourth step from the top landing, causing her to lose her balance and fall forward. Her right foot then slipped, causing her to wrench her back and, when she grabbed the railing, she injured her arm and shoulder. After receiving medical treatment, petitioner missed one week of work and then returned to full duty. She continued to work until January 2004, when she went on medical leave.

Within the meaning of Retirement and Social Security Law § 363, an accident is characterized as "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact'" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). The Hearing Officer concluded that petitioner's fall was caused by a misstep and was not the result of an accident within the meaning of Retirement and Social Security Law § 363. Petitioner acknowledged that she was familiar with the staircase, having used it two to three times each day that she worked for the three-year period immediately prior to her fall. In addition, she suggested in the initial report that her fall was caused by a misstep and not by any defect in the staircase.* These facts, coupled with the findings contained in a report of an inspection of the staircase performed shortly after the accident that found "[n]o unusual circumstances or structural defects . . . [and] no foreign substances or debris on [the] staircase which could cause a safety issue," provide substantial evidence supporting the determination that petitioner's fall occurred because of a misstep rather than an accident (*see Matter of McGerald v DiNapoli*, 51 AD3d 1328, 1329 [2008]; *Matter of Zuckerberg v New York State Comptroller*, 46 AD3d 1057, 1057 [2007], *lv denied* 10 NY3d 712 [2008]; *Matter of McCabe v Hevesi*, 38 AD3d 1035, 1035-1036 [2007]).

Further, in support of her applications for performance of duty disability retirement benefits, petitioner had the burden of establishing that she was permanently incapacitated from the performance of her duties as a result of the injuries she sustained in the fall (*see Matter of Johnson v New York State & Local Retirement Sys.*, 54 AD3d 1130, 1130 [2008]; *Matter of Mainzer v DiNapoli*, 52 AD3d 1167, 1167 [2008]). While petitioner's treating physician testified that she could no longer

---

* Her written application for performance of duty disability retirement benefits alleged that she had fallen backwards from stepping on a wet stair.

perform her employment responsibilities because of her injuries, the medical expert for the New York State and Local Police and Fire Retirement System disagreed and concluded that petitioner's condition did not render her permanently incapacitated. "The Comptroller is vested with the exclusive authority to weigh the testimony offered by medical experts and to credit the opinion of one expert over that of another" (*Matter of Johnson v New York State & Local Retirement Sys.*, 54 AD3d at 1131 [citation omitted]; *see Matter of Quigley v Hevesi*, 48 AD3d 1023, 1025 [2008]; *Matter of Zuckerberg v New York State Comptroller*, 46 AD3d at 1058). The "articulated, rational and fact-based opinion" (*Matter of Swack v Hevesi*, 30 AD3d 853, 854 [2006] [internal quotation marks and citation omitted]; *see Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]) of the Retirement System's medical expert, made after an examination of petitioner and a review of her medical records, constitutes substantial evidence that supports the Comptroller's determination (*see Matter of Harko v New York State Comptroller*, 46 AD3d 1185, 1187 [2007]).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.