■ In the Matter of JILL GALLO-DRASSER, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [889 NYS2d 314]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner applied for disability retirement benefits in July 2002, seven months after injuring her neck and back while attempting to subdue a patient in her capacity as an advanced emergency medical technician for the Nassau County Police Department. After her application was disapproved, she requested a hearing and redetermination. Following multiple hearings, a Hearing Officer concluded that petitioner had failed to establish that she was permanently incapacitated from the performance of her duties. Respondent Comptroller accepted the findings of fact and conclusions of law of the Hearing Officer and denied petitioner's application. This CPLR article 78 proceeding ensued.

"To be eligible for disability retirement benefits, petitioner must establish that [s]he is permanently disabled from [her] regular job duties" (*Matter of Doran v New York State & Local Police & Fire Retirement Sys.*, 56 AD3d 922, 922 [2008] [citations omitted]). In attempting to do so, petitioner offered the medical records and testimony of Leo Varriale, an orthopedic surgeon who examined her 10 days following the incident leading to her injury, and on a regular basis thereafter. Varriale opined that petitioner had a herniated disc of the cervical spine

which totally disabled her from performing the functions of an advanced emergency medical technician. Two independent medical examiners who examined petitioner on behalf of the New York State and Local Retirement System testified to the contrary concerning the issue of disablement. Both of those physicians were unable to detect the presence of any objective medical evidence establishing that petitioner was permanently incapacitated and could not return to her position.

Significantly, "the Comptroller is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one expert over another" (*Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006]). Here, inasmuch as the Retirement System's experts articulated rational and fact-based opinions after examining petitioner and reviewing her relevant medical records, such opinions constitute substantial evidence supporting the Comptroller's decision (*see Matter of Collins v DiNapoli*, 57 AD3d 1148, 1150 [2008]). Accordingly, we perceive no basis on which to disturb it.

Mercure, Spain, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.