■ In the Matter of STEPHEN J. SULLIVAN, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [912 NYS2d 805]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner applied for disability retirement benefits in January 2002 on the basis of injuries he sustained while working as a security services assistant for the Education Department. After his application was disapproved, petitioner requested a hearing and redetermination. Following hearings, a hearing officer determined that petitioner had failed to establish that he was permanently disabled from the performance of his duties and denied the application. The Comptroller adopted this determination with a supplemental finding of fact. This CPLR article 78 proceeding ensued.

We confirm. As the applicant, petitioner bore the burden of establishing that he was permanently incapacitated from the performance of his duties as a security services assistant (*see Matter of Johnson v New York State & Local Retirement Sys.*, 54 AD3d 1130, 1130 [2008]). To that end, petitioner presented the testimony and report of Charles Gordon, an anesthesiologist and pain management specialist. Based upon his examination of petitioner and his review of a report containing the results of an MRI, Gordon opined that, due to herniated lumbar discs at L4-5 and L5-S1 and petitioner's subjective complaints of pain associated with the herniated discs, petitioner was permanently disabled from the performance of his duties. Petitioner also relied on the report of Fredric Schoen, a neurologist who examined

petitioner on behalf of respondent. Although Schoen found that petitioner was embellishing his symptoms, he similarly concluded that petitioner was permanently disabled based upon the results of the MRI and petitioner's subjective complaints of pain.

In rebuttal, respondent proffered the testimony and report of neurologist Christopher Calder, who found no objective evidence of permanent disability.* Based upon his physical examination of petitioner and review of the MRI report, Calder found that the muscles associated with the nerve distributions from L5 and S1 had normal strength and that petitioner suffered from only a mild defect at L4-5 which did not correlate with any of his symptoms, nor should such a defect result in any symptoms of pain. Overall, Calder noted that the findings of the diagnostic studies, including degenerative changes, were "commonly observed in the asymptomatic population at large" and did not explain petitioner's symptoms. Finally, he concluded that petitioner was displaying symptom magnification regarding alleged weakness in his legs during the examination, as his legs had "excellent musculature" and strength. Respondent "possesses the authority to resolve conflicts in the medical evidence and to credit one expert's opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (*Matter of Freund v Hevesi*, 34 AD3d 950, 950 [2006]; *see Matter of Neely v DiNapoli*, 71 AD3d 1367, 1369 [2010]). Inasmuch as Calder articulated such an opinion, which respondent found more credible than the opinions of the other physicians, respondent's determination will not be disturbed.

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Respondent also presented the testimony and report of a psychiatrist, who opined without contradiction that petitioner was not permanently disabled due to a psychiatric condition. We note that petitioner did not apply for disability retirement benefits on the basis of any alleged psychiatric condition and petitioner clarified during his testimony that his application is based solely upon his injury to his back.